UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN GILL and MICHELLE GILL,
husband and wife,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: 05-10309-MLW

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS 2/(2/83)
AMOUNT $ 250.00
SUMMONS ISSUED 3
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 2/16/05

## COMPLAINT

### PARTIES

MAGISTRATE JUDGE _____

1. Plaintiff Stephen Gill is a resident of Gulf Breeze, Santa Rosa County, Florida, and is a citizen of the United States.

2. Plaintiff Michelle Gill is a resident of Gulf Breeze, Santa Rosa County, Florida, and is a citizen of the United States.

3. Defendant United States of America is within the jurisdiction of this Court.

### JURISDICTION

4. This Court has jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2401(b)-2402; 2671-2680, *et seq.* ("FTCA"), and all conditions precedent to Plaintiff Stephen Gill and Plaintiff Michelle Gill's right to bring this action have occurred or have been excused as hereinafter more fully appears.

5. At all material times relevant to the negligent acts or omissions and/or intentional acts or omissions of personnel of Naval Legal Services Command ("NLSC") and/or Naval Legal Service Office Central ("NLSO") acting within the scope of their office or employment with the Department of the Navy, an agency of Defendant United States of America, Plaintiffs Stephen

Gill and Michelle Gill were residents of South Weymouth, Norfolk County, Commonwealth of Massachusetts.

6. The Commonwealth of Massachusetts is the place where the negligent acts or omissions and/or intentional acts or omissions of personnel acting within the scope of their office or employment with the Department of the Navy, an agency of Defendant United States of America, occurred against Plaintiffs Stephen Gill and Michelle Gill.

7. The State of Florida is the place where Plaintiffs Stephen Gill and Michelle Gill suffered the harmful impact of the negligent acts or omissions and or intentional acts or omissions of personnel acting within the scope of their office or employment with the Department of the Navy, an agency of Defendant United States of America.

8. Pursuant to 28 U.S.C. § 1346(b), the entire substantive law of the Commonwealth of Massachusetts applies to the instant civil action.

9. There is no requirement that Plaintiffs Stephen Gill and Michelle Gill submit a claim to the Secretary of Labor pursuant to Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152, *et seq.* ("FECA"), before bringing their instant civil action against the Defendant United States of America under the FTCA.

10. More than six (6) months before this action was instituted, the claim set forth herein was presented to the Department of the Navy pursuant to 28 U.S.C. § 2675(a). Said agency having failed to make a final disposition of the claim within that time, Plaintiffs Stephen Gill and Michelle Gill deem such failure to be a denial thereof.

## FACTS

11. On or about February 22, 2002, personnel of NLSC and/or NLSO, including but not limited to Commander Steven W. Bannow, Judge Advocate General's Corps, U.S. Navy ("CDR

Bannow"), while acting in the course and scope of employment, reached out to the Commonwealth of Massachusetts to solicit, recruit, and hire Plaintiff Stephen Gill, to serve as a Claims Attorney-Advisor for a two-year period with NLSO in Pensacola, Florida.

12. The soliciting, recruiting, and hiring of Plaintiff Stephen Gill was accomplished by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, in violation of Federal statutes, regulations, and/or agency guidelines, including but not limited to, 5 U.S.C. § 2302, and constituted prohibited personnel practices.

13. The soliciting, recruiting, and hiring of Plaintiff Stephen Gill by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, caused Plaintiff Stephen Gill to resign his lucrative position as an attorney in private practice in Boston, Massachusetts, to sell his family's home, to relocate his wife and two young children to the Pensacola, Florida area, and to move all of his family's belongings at his own expense.

14. The Claims Attorney-Advisor position with NLSO constituted nearly a thirty-percent (30%) per year pay cut for Plaintiff Stephen Gill, and did not afford him or his family any health insurance or other benefits whatsoever.

15. Plaintiff Stephen Gill commenced his first day of employment with NLSO on or about March 25, 2002. Within approximately forty-five (45) days thereafter, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Plaintiff Stephen Gill that his position would conclude approximately one (1) month later, on June 30, 2002.

16. Under the circumstances, being informed by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, that his two-year position would terminate following only about ninety (90) days of employment proximately caused Plaintiff Stephen Gill to suffer severe emotional distress that a reasonable person would have suffered.

17. Plaintiff Stephen Gill's emotional distress manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia.

18. Thereafter, in mid-June, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position would not terminate on June 30, 2002; but, rather, that he would remain employed until September 30, 2002.

19. In mid-September, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his employment as a Claims Attorney-Advisor would not end on September 30, 2002, but would be extended until October 31, 2002.

20. By this time, Stephen Gill had accepted employment with a private law firm in Pensacola, Florida, and was to start work with that firm on November 1, 2002.

21. Thereafter, on or about October 29, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, again in violation of Federal statutes, regulations, and/or agency guidelines hired Stephen Gill to serve as a Legal Assistance Attorney-Advisor with NLSO for a six-month period.

22. This caused Stephen Gill to reject employment with the private law firm that had hired him to start work on November 1, 2002.

23. A short time later, around Christmas 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position as a Legal Assistance Attorney-Advisor would conclude on January 11, 2002, and did conclude on that date.

24. Under the circumstances, being informed by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, that his Legal Assistance Attorney-Advisor position would

terminate following only about ninety (60) days of employment after inducing Plaintiff Stephen Gill to reject employment with a private law firm that had hired him to start work on November 1, 2002, proximately exacerbated Plaintiff Stephen Gill's severe emotional distress that a reasonable person would have suffered.

25. Plaintiff Stephen Gill's exacerbated emotional distress manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and dysthymia.

## COUNT I – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff Stephen Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, constituted negligence.

28. The aforesaid negligent acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, did in fact proximately cause and also exacerbate Plaintiff Stephen Gill emotional distress as manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia.

29. The aforesaid emotional injuries were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiff Stephen Gill contributing thereto.

30. As a result of the aforesaid negligent acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Stephen Gill has suffered damages for his emotional distress and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, has incurred and continues to incur expenses for medical attention and treatment, including but not limited to costs of antidepressant and anxiety medications required to treat his emotional distress, to Plaintiff Stephen Gill's detriment and damage in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00).

31. Under the circumstances, a reasonable person would have suffered emotional distress.

32. If Defendant United States of America were a private person, it would be liable to Plaintiff Stephen Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Stephen Gill demands judgment against the Defendant United States of America in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00), plus costs, and such other relief as this Court deems just.

## COUNT II –INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff Stephen Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, were intended to inflict emotional distress, or Defendant United States of America, its agents, servants, or employees knew or should have known that emotional distress was the likely result of their aforesaid conduct under the circumstances.

35. Under the circumstances, the aforesaid conduct of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

36. The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, caused and also exacerbated Plaintiff Stephen Gill's emotional distress.

37. The emotional distress sustained by Plaintiff Stephen Gill, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia, was and is severe and of a nature that no reasonable man could be expected to endure.

38. The aforesaid emotional injuries were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiff Stephen Gill contributing thereto.

39. As a result of the aforesaid conduct of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Stephen Gill has suffered damages for his emotional distress and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, has incurred and continues to incur expenses for medical attention and treatment, including but not limited to costs of antidepressant and anxiety medications required to treat his emotional distress, to Plaintiff Stephen Gill's detriment and damage in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00).

40. If Defendant United States of America were a private person, it would be liable to Plaintiff Stephen Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Stephen Gill demands judgment against the Defendant United States of America in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00), plus costs, and such other relief as this Court deems just.

## COUNT III – LOSS OF CONSORTIUM, SERVICE, AND MARITAL SOCIETY

41. Plaintiff Michelle Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. As a result of the aforesaid negligent and/or intentional acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Michelle Gill, as the lawfully wedded wife of Plaintiff Stephen Gill, was deprived of the service, society, and consortium to which she was entitled as his wife, and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, to Plaintiff Michelle Gill's detriment and damage in the sum of Three-Hundred Seventy-Five Thousand Dollars ($375,000.00).

43. The aforesaid emotional injuries to Plaintiff Stephen Gill and the aforesaid loss of consortium and marital society and service suffered by Plaintiff Michelle Gill were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiffs Stephen Gill or Michelle Gill contributing thereto.

44. If Defendant United States of America were a private person, it would be liable to Plaintiffs Stephen Gill and Michelle Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Michelle Gill demands judgment against the Defendant United States of America in the sum of Three-Hundred Seventy-Five Thousand Dollars ($375,000.00), plus costs, and such other relief as this Court deems just.

Plaintiffs,
By their attorney,

_____
**KRISTEN K. M. MATERNE**
Law Office of Timothy J. Morgan
33 College Hill Road, Suite 15G
Warwick, RI  02886
Tel.: (401) 826-3344
Fax: (401) 826-0444

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stephen D. Gill and Michelle T. Gill, as husband and wife

**(b)** County of Residence of First Listed Plaintiff  Norfolk County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kristen Materne, Esq., 33 College Hill Road, Suite 15G, Warwick, RI 02886 (401)826-3344

## DEFENDANTS
United States of America

FILED IN CLERKS OFFICE
05-CV-10309-MLW
US DISTRICT COURT
DISTRICT OF MASS.

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
US Attorney, One Court House Way, Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Court Claims Act 28 USC s. 1345(b); 2401(b);-2402; 2671-2680 et seq

Brief description of cause:
Intentional and negligent infliction of emotional distress and loss of consortium

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,125,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Stephen D. Gill, et al v United States of America__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   05-10309 MLW

   IN CLERKS OFFICE
   2005 FEB 16  A 11: 44
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   none

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kristen Materne, Esq.__
ADDRESS __33 College Hill Road, Suite 15G, Warwick, RI 02886__
TELEPHONE NO. __(401)826-3344__

(Coversheetlocal.wpd - 10/17/02)