**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

STEPHEN GILL and                          :
MICHELLE GILL,                            :
                                          :
                    Plaintiffs,           :        C.A. NO.:  05-10309-MLW
                                          :
        v.                                :
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                    Defendant.            :


**MEMORANDUM OF LAW IN SUPPORT OF THE**
**UNITED STATES'S MOTION TO DISMISS**
**OR IN THE ALTERNATIVE FOR A STAY**


**I. INTRODUCTION**

The Plaintiffs, Stephen Gill and Michelle Gill, seek damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2761, et seq., for alleged injuries related to the employment of Stephen Gill by the United States Department of the Navy.  The government respectfully submits this memorandum seeking dismissal under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction.  Plaintiffs' claim has not been submitted under the Federal Employees' Compensation Act (FECA) to the U.S. Department of Labor's Office of Workers' Compensation Programs (OWCP).  As set forth herein, there is a significant possibility of coverage under FECA for plaintiff's claim and this Court must allow the Secretary of Labor to make a FECA determination before this action can proceed.  In the alternative, the government moves for a stay of this matter pending submission and resolution of a FECA claim.

The government also moves to dismiss, or in the alternative to transfer, this matter pursuant to Fed. R. Civ. P. 12(b)(3).[1]  Venue is not proper in the District of Massachusetts where, as here, most of the acts took place in Florida, Florida law likely applies, and all of the relevant witnesses, including the plaintiffs, are in Florida.

## II. STANDARD FOR MOTION TO DISMISS UNDER RULES 12(b)(1) and 12(b)(3)

Once subject matter jurisdiction has been questioned, it is the plaintiff's burden to establish, by competent proof, that jurisdiction in fact exists.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir.) (1995); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992). "No presumption of truthfulness attaches to the [plaintiff's] allegations [of jurisdiction]."  Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991).  In addition, when a defendant raises improper venue as a defense, the plaintiff must demonstrate to the court that the venue is in fact proper.  Transamerica Corp. v. Trans-American Leasing Corp., 670 F. Supp. 1089, 1090 (D. Mass. 1987).  Venue must be proper for all claims.  See VDI Technologies v. Price, 781 F. Supp. 85, 92 (D.N.H. 1991).

---

[1] The government moves on these limited grounds in order to conserve judicial resources and in doing so, does not waive, and expressly reserves, all other defenses it may have.

2

## III. FACTS[2]

Plaintiffs filed FTCA claims for $750,000.00 and $375,000.00 on February 25, 2004, alleging "injuries" from purported misrepresentations by Navy personnel concerning Mr. Gill's employment.  The Department of the Navy did not take final action on the Gills' claims within six-months of the date the claims were filed.  Instead, on July 13, 2004, the Navy requested that Mr. Gill file a FECA claim with the Department of Labor to determine the applicability of  that statute to his claims.  See July 13, 2004 Letter from Lieutenant M. H. Lee to Timothy J. Morgan, Esq., attached as Exhibit 1.[3]  The Navy intended to hold both claims in abeyance until the FECA determination was complete.  On August 18, 2004, counsel for plaintiffs responded that he believed that the claims were not required to undergo FECA review.  See August 18, 2004 Letter from Mr. Morgan to Lt. Lee, attached as Exhibit 2.   This lawsuit ensued.

In May 2005, the undersigned counsel received an advisory opinion from the Deputy Director for Federal Employees' Compensation at the Department of Labor's OWCP.  See Declaration of Edward G. Duncan (Duncan Declaration) and analysis in Attachment A therein, collectively attached herein as Exhibit 3.  Mr. Duncan concluded that "there is a significant possibility of coverage under the FECA" in this case.  Id. at ¶ 5.  This Motion followed.

---

[2] For purposes of this Motion only, the government accepts the facts as pleaded in plaintiffs' complaint as true and includes only the relevant procedural history for the Court's convenience.

[3] The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); see Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000) (in considering a Rule 12(b)(1) motion, "[t]he court . . . may consider extrinsic materials, and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations"). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992).

**IV. ARGUMENT**

  **A.  THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS HAVE NOT PURSUED A FECA CLAIM AND THERE EXISTS A "SUBSTANTIAL QUESTION" AS TO FECA COVERAGE**

  FECA, the workers' compensation statute for federal employees, is designed to provide quick and uniform coverage for federal civilian employees who are injured while in the performance of their duties.  5 U.S.C.A. §§ 8101 et seq.  It establishes a comprehensive compensation scheme under which federal employees receive benefits, regardless of fault, for employment-related injuries or deaths.  5 U.S.C. § 8102.  In turn, Congress provided a remedy in FECA that is exclusively administrative and precludes any action against the United States when compensation benefits are received by an injured employee.   5 U.S.C. §8116(c).  Section 8116(c) states in pertinent part as follows:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c).

  As the Supreme Court observed in Lockheed Aircraft Corp. v. United States, 460 U.S.190, 194 (1983), "[in] enacting [the FECA] Congress adopted the principal compromise–the 'quid pro quo'--commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for

litigation, but in return they lose the right to sue the Government." This exclusivity provision "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." Id. at 193-194. Thus, where an individual is covered under the FECA for an injury or condition, such coverage constitutes the individual's exclusive remedy against the United States. See 5 U.S.C. § 8116(c); Lockheed Aircraft, 460 U.S. at 193-194; DiPippa v. United States, 687 F.2d 14 (3rd Cir. 1982); McDaniel v. United States, 970 F.2d 194, 197 (6th Cir. 1992); Swafford v. United States, 998 F.2d 837, 839 (10th Cir. 1993). Furthermore, FECA's legislative history confirms that FECA was intended to be a substitute for suits against the United States for tortious injury as authorized by the FTCA. See Miller v. Bolger, 802 F.2d 660, 663 (3rd Cir. 1986). "If the Compensation Act applies to a particular injury, a tort action against the United States regarding those same injuries is preempted and as such the courts lack jurisdiction to hear the case." Farley v. United States, 162 F.3d 613, 615 (10th Cir. 1998) (citing Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991), and Swafford, 998 F.2d at 839-40); see Tippetts v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002) (exclusivity of FECA noted); Bennett v. Barnett, 210 F.3d 272, 276-277 (5th Cir. 2000) (Postal workers's FTCA claims, including inter alia intentional infliction of emotional distress, were preempted by FECA).

The Secretary of Labor is authorized to resolve any disputes regarding the scope of FECA coverage. 5 U.S.C. § 8145; see Swafford, 998 F.2d at 839-40.  FECA further provides that:

> The action of the Secretary or [his/her] designee in allowing or denying a payment under this subchapter is–
>
> > (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> >
> > (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b).  The Supreme Court has held that this language clearly states the unambiguous intent of Congress to bar judicial review of FECA determinations by the Secretary of Labor.  Lindahl v. Office of Personnel Management, 470 U.S. 768, 780 and n.13 (1985); see Southwest Maritime, 502 U.S. at 90.

The United States Court of Appeals for the First Circuit has found that an injured employee may not bring an action under the FTCA when there is a "substantial question" as to whether FECA coverage exists.  Bruni v. United States, 964 F.2d 76, 78-79 (1st Cir. 1992) (citations omitted) ("substantial question" existed as to whether employee's death was suffered while in the performance of her duties, so as to require employee to pursue claim under FECA.). "Thus the employee must first seek and be denied relief under the FECA unless his/her injuries do not present a substantial question of compensability under that act.  A substantial question exists unless it is certain that the Secretary would not find coverage." Bruni, 964 F.2d at 79 (emphasis in original) (internal citation omitted); see Farley, 162 F.3d at 615-616, White v. United States, 143 F.3d 232, 234 (5th Cir. 1998).  If, as here, a plaintiff brings an FTCA action and a substantial question regarding FECA coverage exists, then the court must, at the very least, stay those proceedings pending a final decision of the Secretary of Labor regarding that issue.

See Tarver v. United States, 25 F.3d 900, 902 (10th Cir. 1994).

The pivotal issue now before this Court, then, is whether a substantial question regarding FECA coverage exists. Plaintiffs allege work-related emotional distress injuries. The issue of whether FECA covers emotional injuries has not been decided by the First Circuit. See Miller v. United States, 62 F.3d 1411,**3, 1995 WL 434798 (1st Cir. (N.H.) 1995)(per curiam) (unpublished disposition). The Secretary of Labor and other Circuits have determined that FECA covers work-related emotional distress injuries in many instances. See, e.g., Swafford, 998 F.2d at 839-40; McDaniel, 970 F.2d at 197; Jones v. Tennessee Valley Authority, 948 F.2d 258, 265 (6th Cir. 1991); see also Tarver, 25 F.3d at 904; Figueroa v. United States, 7 F.3d 1405, 1408  (9th Cir. 1993); Klescewski v. United States, 843 F. Supp. 543, 545 (D.S.D. 1993); Castro v. United States, 757 F.Supp. 1149, 1150-51 (W.D. Wash. 1991); Cardwell v. United States, 1992 WL 368495 at *3 (E.D. Pa. 1992), aff'd, 6 F.3d 778 (3d Cir. 1993).[4]

Pursuant to 5 U.S.C. § 8145, the Secretary of Labor has authorized the Employment Standards Administration's Office of OWCP to adjudicate and process claims for benefits under the FECA. That Office states that there is a substantial possibility that plaintiff's claims are covered under FECA. Exhibit 3. Plaintiff was told how to apply for FECA benefits and chose not to do so. Exhibits 1 & 2. But he cannot unilaterally defeat the pre-emptive effect of 5 U.S.C. § 8116(c). See Aponte v. U.S. Dept. of Treasury, et al., 940 F.Supp. 898 , 902 (E.D.N.C., 1996) (refusal to accept FECA did not nullify the determination of FECA coverage). Moreover, as indicated in the Duncan Declaration and memorandum, there is a substantial possibility, based on the allegations in plaintiff's complaint, that a FECA claim here will be approved by the Department of Labor. Exhibit 3, Attachment A. Thus, it is not certain that, based on the

---

[4] See also Employee Compensation Appeals Board cases cited in Attachment A to Exhibit 3 of this Memorandum; but see, e.g., DeFord v. Secretary of Labor, 700 F.2d 281, 290 (6th Cir. 1983)(holding that FECA does not appear to cover claims for mental distress resulting from discrimination).

allegations of the complaint, the Secretary of Labor would find no coverage under the FECA.  Id.

As a result, this Court cannot conclude, as a matter of law, that the Secretary of Labor could not find FECA coverage in this case.  Therefore, a substantial question as to coverage under FECA exists, and Plaintiffs' FTCA action must, at the very least, be stayed pending a coverage determination by the Secretary of Labor.  See Heilman v. United States, 731 F.2d 1104, 1110 (3rd Cir. 1984); see also Bruni, 964 F.2d at 80 (district court lacked subject matter jurisdiction as it cannot entertain a FTCA claim when there exists a substantial question as to whether employee's injury is covered by FECA).  Thus, if the Secretary of Labor determines that the FECA applies, then this Court lacks jurisdiction to hear the FTCA action and it must be dismissed, regardless of whether FECA benefits are actually awarded.  Swafford, 998 F.2d at 841.  Only if the Secretary of Labor determines that FECA does not apply, may Plaintiffs' action under the FTCA proceed.  Id.[5]

Further, this Court is not required to predict the Secretary of Labor's decision in a particular case.  See Farley, 162 F.3d 615.  Rather, its sole determination should be whether a "substantial question" as to FECA coverage exists, and thus this Court does not have to make any findings as to whether FECA indeed covers Plaintiff's claims.  As Swafford noted, "[t]he Secretary of Labor, not [this court], has the final say as to the scope of FECA."  998 F.2d at 841.

Accordingly, a substantial question of FECA coverage currently exists.  This action should, therefore, be dismissed, or, in the alternative, stayed pending the filing and adjudication of a FECA claim by the Department of Labor.  See White, 143 F.3d 232, at 234 ("[o]nly if we are certain that the Secretary of Labor would conclude that the employee's injuries do not

---

[5]Other circuits also have held that where  a "substantial question" exists as to FECA coverage, a tort action is barred unless the Secretary of Labor determines that the FECA does not apply.  See Bennett, 210 F.3d at 277-278, Avasthi v. United States, 608 F.2d 1059, 1060 (5th Cir. 1979).  Where FECA coverage exists, it is the sole remedy available to the plaintiff.  Griffin v. United States, 703 F.2d 321 (8th Cir. 1983).

present a substantial question of coverage under FECA may we entertain the employee's FTCA claim without the employee first submitting the claim to the Secretary of Labor.").

### B.  VENUE IS NOT PROPER IN THE DISTRICT OF MASSACHUSETTS

Venue is proper in only two places:  where the plaintiff resides and where the negligent or wrongful act or omission occurred.  28 U.S.C. § 1402(b).  As the plaintiffs and all of the witnesses reside in Florida, a substantial portion of the allegations in the Complaint took place in Florida, venue in Massachusetts is not proper.[6]  See Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 5 (D. Mass. 1987); Transamerica Corp., 670 F. Supp. at 1092-93; see also McEvily v. Sunbeam-Oster Co., Inc., 878 F. Supp. 337, 344 (D.RI 1994) (challenge to venue is more easily sustained where plaintiff has not brought suit in his home state).  Even if this Court were to find that venue is proper in Massachusetts, the doctrine of forum non conveniens and the interest of justice necessitate, at the very least, a transfer of this matter to the District of Florida. Transamerica Corp., 670 F. Supp. at 1093.  Therefore, this action should be dismissed or transferred.

---

[6] The government also disputes whether Massachusetts law applies here, and will brief that issue for the Court should the case proceed.

## V. CONCLUSION

For all of the above reasons, the United States respectfully requests that this matter be dismissed, or in the alternative, stayed pending submission of a FECA claim to the OWCP and a resolution of that claim by the U.S. Department of Labor.  Should the Court deny the Rule 12(b)(1) Motion, the government requests that it allow its Motion under Rule 12(b)(3) and either dismiss this case or transfer it to the District of Florida.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/Eugenia M. Carris
Eugenia M. Carris
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210
May 20, 2005                    (617)748-3282

### Certificate of Service

This is to certify that a true copy of the foregoing was served by first-class mail on May 20, 2005, upon plaintiffs' counsel, Timothy Morgan, Esq., 33 College Hill Road, Suite 16G, Warwick, RI 02886.  Pro se plaintiff Stephen D. Gill, Esq. will receive ECF notification only.

/s/Eugenia M. Carris
Eugenia M. Carris

# EXHIBIT 1



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374–5066

IN REPLY REFER TO

5890
Ser 151.5.151.A2/0377
July 13, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Timothy J. Morgan, Esq.
Law Offices of Timothy J. Morgan
33 College Hill Road, Suite 20D
Warwick, RI 02886

Subj:  FEDERAL TORT CLAIMS ACT CLAIMS OF STEPHEN D. GILL AND
       MICHELLE T. GILL; OUR FILE NOS. 041878-041879

Dear Mr. Morgan:

     This letter responds to your clients' Federal Tort Claims
Act (FTCA) claim received on February 25, 2004.  The claims
allege that personnel at the Naval Legal Services Command and/or
Naval Legal Service Office Central negligently and/or
intentionally caused your clients to suffer emotional distress.
A date-stamped copy of the FTCA claim is enclosed for
verification of receipt.

     The Federal Employees' Compensation Act (FECA), 5 U.S.C. §
8101 et seq., provides compensation for a federal employee's
injuries sustained in the performance of duty.  5 U.S.C. §
8102(a).  For injuries within its coverage, the remedy provided
under the FECA constitutes the exclusive remedy for an injured
employee.  5 U.S.C. § 8116(c); *Lockheed Aircraft Corp. v. United
States*, 460 U.S. 190, 193-194 (1983); *Ezekiel v. Michel*, 66 F.3d
894 (7th Cir. 1995); *Swafford v. United States*, 998 F.2d 837
(10th Cir. 1993); *Grijalva v. United States*, 781 F.2d 472 (5th
Cir. 1986); *Gill v. United States*, 641 F.2d 195 (5th Cir.
1981).

     Since it is unclear whether or not the claimed injuries are
within the remedies provided by the FECA, this office must hold
the FTCA administrative claim in abeyance pending the
determination by the Department of Labor's Office of Workers'
Compensation Programs (OWCP).  Please also note that, until this
issue is resolved by a decision of the OWCP, a federal district
court lacks jurisdiction to entertain an action under the FTCA.

4

5890
Ser 151.5.151.A2/0377
July 13, 2004

*White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) ("A substantial question [of FECA coverage] exists unless it is certain that the Secretary of Labor would find no coverage under FECA."). Accordingly, it will be necessary for you to first file a claim for compensation under the FECA, and receive a determination from the Department of Labor's OWCP.

This letter does not constitute a denial of your administrative claim. If you have any questions, please call me at (202) 685-4485.

Sincerely,

M. H. LEE
Lieutenant
Judge Advocate General's Corps
United States Navy
Tort Claims Attorney
(Claims, Investigations
and Tort Litigation)

Enclosure

2

# EXHIBIT 2



# TIMOTHY J. MORGAN, ESQ.
### Attorney at Law        33 College Hill Road, Suite 201D, Warwick, RI 02886

401.822.1800 ext. 7   •   401.822.1879 fax
tmorgan@collegehill.necoxmail.com

August 18, 2004

Department of the Navy
Office of the Judge Advocate General
Claims Investigations and Tort Liability
Attn:   LT Mycah Lee, JAGC, USNR
1322 Patterson Avenue, S.E., Suite 3000
Washington Navy Yard, DC 20374-5066



**Via Facsimile (202) 685-5484 and Certified Mail**

| | | |
|---|---|---|
| **RE:** | **My clients:** | **Stephen and Michelle Gill** |
| | **Date of Loss:** | **February 22, 2002** |
| | **Place of Loss:** | **Massachusetts** |

Dear Lt. Lee:

This responds to your letter of July 13, 2004, relative to my clients' claims, *inter alia*, for emotional distress and loss of consortium against the Department of the Navy under the Federal Tort Claims Act  28 U.S.C. §§ 1346(b); 2401(b)-2402; 2671-2680, *et seq.* ("FTCA"). In your letter, you misrepresent that my clients must submit a claim to the Secretary of Labor for determination as to whether their respective FTCA claims fall within the ambit of the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152, *et seq.* ("FECA").

While your position along these lines may comport with cases in certain federal circuits, for example, <u>Bennett v. Barnett</u>, 210 F.3d 272 (5th Cir.(Miss.2000), the same is not true with regard to other federal circuits which hold that FECA does not provide recovery for emotional damages, and therefore, that statute does not constitute the sole avenue for redress against the United States by its employees and former employees who may bring FTCA claims in lieu of FECA claims. *See, e.g,* <u>Newman v. Legal Servs. Corp.</u>, 628 F.Supp. 535, 543 (D.D.C.1986). As the federal circuits are split on the issue of whether the FECA provides recovery for emotional injuries, they also are split on whether an FTCA claimant must first submit a claim to the Secretary of Labor for determination under FECA. *See, e.g.,* <u>Green v. Hill</u>, 954 F.2d 694, 697 at n.9 (11th Cir.(Ga.1992). Accordingly, your misstatement that my clients must submit a claim to the Secretary of Labor for determination as to whether FECA applies is incorrect as a matter of law.

As you may know, my clients' FTCA claims arises under the substantive law of the Commonwealth of Massachusetts, which is situated in the First Circuit. The First Circuit has not yet ruled on the issue of whether FECA provides recovery for emotional injuries and therefore whether an FTCA claimant must first submit a claim to the Secretary of Labor for determination

as to whether such claims fall within the ambit of FECA. As such, there is no requirement that my clients must submit a claim to the Secretary of Labor before bringing their FTCA claims.

Furthermore, I am encouraged by the First Circuit's unpublished decision in Miller v. United States, case no. 94-2259 (11th Cir.(N.H. July 24, 1995)(*per curiam*) in which the court, faced with the opportunity to render a determination on this exact issue, declined to do so, opting instead to save such a determination for a more appropriate case.

> [W]e prefer to rest our decision on the grounds that Miller failed to satisfy the presentment requirements of the FTCA, 28 U.S.C. 2401(b). . . .
>
> We note that whether the FECA covers emotional injuries and, even if it does, whether Miller's FTCA action is barred despite the fact that he was not paid FECA benefits, are novel issues in this circuit. We recognize that cases such as McDaniel, Tarver, and Cardwell, *supra*, support affirmative answers to both questions. On the other hand, there is a considerable body of caselaw which indicates that the FECA does not apply to emotional injuries. *See* Sheehan. We find it unnecessary to take a position on these important issues -- which have not been well briefed by Miller[, who is appearing *pro se*]. It is apparent that Miller's suit is barred under the FTCA for improper presentment.

Id. at 1 and 8. (Footnotes omitted)

Based on the Miller decision, I believe that the First Circuit is inclined to rule that FECA does not cover emotional injuries and that my clients' FTCA claims are adequate as presented.

As you may also know, my clients presented their respective FTCA claims to the Navy on February 18, 2004. Accordingly, Navy's six-month administrative investigation and settlement phase afforded under the FTCA expires today. As you also know, on May 25, 2004, the Navy received my clients' respective, amended SF-95 forms which amended the amounts of damages claimed by my clients for their injuries and for which they continue to suffer to Seven-Hundred Fifty Thousand Dollars ($750,000.00) for Mr. Gill's injuries and Three-Hundred Seventy-Five Thousand Dollars ($375,000.00) for Mrs. Gill's injuries. These damages are based on my evaluation of recent Massachusetts verdicts of plaintiffs with injuries virtually identical to those that my clients.

Accordingly, if your office continues to maintain its legally incorrect position that my clients must submit a claim to the Secretary of Labor for determination as to whether their respective FTCA claims fall within the ambit of FECA, and fails to tender on or before August 31, 2004, a reasonable settlement offer for my clients' respective claims in line with my evaluation of recent Massachusetts verdicts of plaintiffs with injuries virtually identical to those of my clients, then I will deem your failure to respond a willful failure and refusal to adjudicate these claims as a Parker denial and will file suit on behalf of Mr. and Mrs. Gill in the U.S. District Court for the District of Massachusetts thereafter under the FTCA without submittal or determination of any FECA claim. Please note that if suit is filed, the Navy will be forcing the Gills, albeit, reluctantly, to aver in their Complaint as part of their *prima facie* claims that Navy

Judge Advocates and other Navy personnel engaged in prohibited personnel practices in violation of 5 U.S.C. § 2302.

I look forward to your prompt response and reasonable settlement offers on or before August 31, 2004. Thank you for your attention to this matter.

Very Truly Yours,
**LAW OFFICE OF TIMOTHY J. MORGAN**

Timothy J. Morgan, Esq.

TJM/jrw

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN GILL and MICHELLE GILL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA ) | 05-10309 MLW |
| ) | |
| Defendant. ) | |
| ) | |

## DECLARATION OF EDWARD G. DUNCAN

I, Edward G. Duncan, do hereby state and declare that:

1.      I am the Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs (OWCP), United States Department of Labor, and as part of my duties and responsibilities, I have been delegated the responsibility for administering the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq.*

2.      I was provided and have reviewed a copy of the complaint filed by plaintiffs Stephen Gill and Michelle Gill in the above-captioned matter.

3.      I directed a search to be made of the records of OWCP, which disclosed that no claim for compensation pursuant to the FECA has been filed by plaintiff Stephen Gill with the OWCP.

4.      I was asked to render an opinion concerning the question of whether the FECA would cover the emotional condition alleged by Stephen Gill in his complaint.

5.      I issued an opinion, a true and correct copy of which is attached hereto as

Attachment A, which concluded that "there is a significant possibility of coverage under the

FECA for an emotional condition sustained by Plaintiff Stephen Gill allegedly related to actions

of the Department of the Navy, Naval Legal Services Command and/or Naval Legal Service

Office Central with respect to his position as Claims Attorney Adviser with the Department of

the Navy in Pensacola Florida during the period February 2002 through January 2003."

6.      This opinion is based upon the assumption that all factual statements in the

documents provided to me are true and that no additional facts material to a determination on

FECA coverage in this matter exist.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on

May 5, 2005. 28 U.S.C. § 1746.

EDWARD G. DUNCAN
Deputy Director for Federal Employees' Compensation
Office of Workers' Compensation Programs
United States Department of Labor

2

May 5, 2005

MEMORANDUM FOR:     Eugenia Carris, Esq.
                     Assistant United States Attorney

FROM:                 Edward G. Duncan
                     Deputy Director for
                     Federal Employees' Compensation

SUBJECT:          *Stephen Gill and Michelle Gill v. United States*
                     Civil Action No. 05-10309 MLW (D MA)

This is in response to your request for an advisory opinion whether Stephen D. Gill, the plaintiff in the above-entitled matter, would be covered under the Federal Employees' Compensation Act (FECA) for an emotional condition allegedly related to events surrounding the employing agency's actions with respect to plaintiff during the period from February of 2002 through January of 2003.[1] The opinion expressed herein is based upon the facts alleged in the complaint filed in the above-referenced action, a copy of which I have been provided and have reviewed. Actual adjudication of a claim presented pursuant to the FECA based upon the events set forth in the complaint may disclose different or additional facts that substantially affect the ultimate determination of this matter.

Upon review of the allegations of the complaint, I conclude that there is a significant possibility that plaintiff may be covered under the FECA for an emotional condition causally related to factors of his federal employment.[2] While the facts alleged in the complaint center around actions taken by the employing agency (the Department of the Navy, Naval Legal Services Command (NLSC) and/or Naval Legal Service Office Central (NLSO)) during the period February 2002 through January 2003 with respect to plaintiff's employment as an attorney advisor, this alone does not compel a finding of coverage under the FECA. The Employees' Compensation Appeals Board (ECAB) has held that workers' compensation is not applicable to each and every injury or illness that is somehow related to an employee's employment.

In *Lillian Cutler*, 28 ECAB 125 (1976), the ECAB discussed at length the principles applicable to alleged employment-related emotional conditions and the distinctions as to the type of

---

[1] Although the complaint avers in paragraph 23 on page 4 that plaintiff Stephen Gill's position as a Legal Assistance Attorney-Advisor "would conclude on January 11, 2002, and did conclude on that date," it appears from the context that this is a typographical error, and that his employment as an attorney-advisor did in fact conclude on January 11, 2003.

[2] The fact that a claimant's injury or disease is covered under the FECA does not necessarily mean that the claimant will receive compensation. To establish entitlement to compensation for disability from work under the FECA, the claimant must demonstrate that he has an emotional condition causally related to factors of his federal employment, and must also show that this condition resulted in disability from work.

Attachment A

employment situation giving rise to an emotional condition which will be covered under the FECA. When an employee experiences an emotional reaction to his regular or special assigned employment duties or to a requirement imposed by the employment, or has fear and anxiety regarding his ability to carry out his duties, and the medical evidence establishes that the disability resulted from an emotional reaction to such situation, the disability is generally regarded as due to an injury arising out of and in the course of employment and comes within the coverage of the FECA. On the other hand, the ECAB stated that not all matters that have some connection with your employment are covered under the FECA. For example, in *Cutler*, the ECAB held that the claimant's disability, which was caused by her disappointment in not receiving a promotion for which she applied, did not constitute an injury sustained in the performance of duty.

However, where the evidence demonstrates that the employing agency has erred or acted abusively in the administration of personnel matters, coverage under the FECA may be afforded. *Thomas D. McEuen*, 41 ECAB 387 (1990), *reaff'd on recon.*, 42 ECAB 566 (1991). For example, in *Norman A. Harris*, 42 ECAB 923, 927 (1991), the employing agency had terminated the employee for allegedly falsifying time records. The MSPB reversed the termination, based on a finding that the employing agency had not established that the employee had intentionally misrepresented his hours, or that he had deceived the agency by claiming hours that he had not worked. Based on this MSPB finding, the ECAB held:

> The Board finds that in this case the employing establishment's failure to establish the existence of inaccurate time sheets and the requisite intent to defraud constituted an error in the administration of a personnel matter. The employing establishment proceeded from the investigation to the termination without the proper evidence. This is supported by the decision of the MSPB. This error is sufficient to bring any emotional reaction by appellant to the termination action within the coverage of the Act. 42 ECAB at 928.

However, the ECAB has also found that coverage will not be afforded when there is no evidence that "the employing establishment did not act reasonably in the administration of personnel matters." *Kathleen D. Walker*, 42 ECAB 603 (1991). The ECAB has held that difficult relations with supervisors and coworkers can constitute a factor of employment under the FECA. *Lawrence C. Mar*, 42 ECAB 723 (1991); *Abe E. Scott*, 45 ECAB 164 (1993). It is also clear that intentional actions of supervisors and coworkers can constitute compensable factors of employment under the FECA. *See Arlene F. Stidham*, 46 ECAB 674 (1995). The ECAB has also held that actions of an employee's supervisor, which the employee characterizes as harassment, may, if proven, constitute factors of employment giving rise to coverage under the FECA. *Pamela Rice*, 38 ECAB 838, 843 (1987); *Marie Boylan*, 45 ECAB 338 (1994) (allegations of an emotional reaction to incidents such as verbal altercations with coworkers that occurred while the claimant was performing official representational functions could constitute compensable factors of employment); *Gregory J. Meisenburg*, 44 ECAB 527, 529 (1993) (holding that it was an error for the OWCP to find that the claimant's reaction to comments made by coworkers concerning his request for a change in work location "does not come within the coverage of workers'

2

compensation"); *David W. Shirey*, 42 ECAB 783, 795 (1991) (holding that the claimant had alleged a compensable factor of employment by asserting that he was called "sucker" by coworkers, as he encountered this condition in the performance of his regular or specially assigned duties). However, mere perceptions of harassment, emotional reactions to leave matters, emotional reactions to transfers, disappointment over failure to obtain desired transfers or promotions, and reactions to letters of reprimand do not constitute employment factors as such reactions arise from frustration at not being permitted to work in a particular environment rather than from assigned duties or requirements imposed on an employee by his employment. *Samuel F. Mangin, Jr.*, 42 ECAB 671 (1991); *Donald V. Bottles*, 40 ECAB 349 (1988); *Richard J. Dube*, 42 ECAB 916 (1991).

The complaint contains allegations of various events at work during the period February 2002 through January 2003 which, if established as factual, could be considered factors of employment under the above *Cutler* analysis. These include the allegation that the "soliciting, recruiting, and hiring of Plaintiff Stephen Gill was accomplished by personnel of NLSC and/or NLSO ... in violation of Federal statutes, regulations, and/or agency guidelines, including but not limited to, 5 U.S.C. § 2302, and constituted prohibited personnel practices" (Complaint, p. 3, ¶ 12); the allegation that the Navy's hiring of plaintiff Stephen Gill caused Mr. Gill to resign a lucrative position in private practice in Boston, Massachusetts and to relocate his family, including his wife and two young children, to Pensacola, Florida (Complaint, p. 3, ¶ 13); the allegation that within approximately 45 days of his commencement of employment with NLSO on March 25, 2002 for what plaintiff Stephen Gill believed to be a two-year term of employment, NLSO personnel advised him that his position would terminate on June 30, 2002 (Complaint, p. 3, ¶ 15); and the allegation that being informed that his position would terminate prior to the expiration of two years caused plaintiff Stephen Gill to "suffer severe emotional distress." (Complaint, p. 3, ¶ 16.) The Complaint also alleges that in mid-June 2002, NLSO personnel advised Mr. Gill that his position would not terminate on June 30, 2002, but that he would remain employed until September 30, 2002 (Complaint, p. 4, ¶ 18); that in mid-September 2002, NLSO personnel informed Mr. Gill that his employment would be extended until October 31, 2002 (Complaint, p. 4, ¶ 19); and that by this point in time Mr. Gill had accepted employment with a private law firm in Pensacola, Florida which was to commence on November 1, 2002. (Complaint, p. 4, ¶ 20.)

The complaint further alleges that on or about October 29, 2002, the NLSO "again in violation of Federal statutes, regulations, and/or agency guidelines hired Stephen Gill to serve as a Legal Assistance Attorney-Advisor with NLSO for a six-month period" (Complaint, p. 4, ¶ 21); that this caused Mr. Gill to reject employment with the private law firm that was to have commenced on November 1, 2002 (Complaint, p. 4, ¶ 22); and that Mr. Gill was advised near Christmas of 2002 that his position "would conclude on January 11, 2002, and did conclude on that date." (Complaint, p. 4, ¶ 23; this date is presumably January 11, 2003—see footnote one above.) The complaint further alleges that this termination of Mr. Gill's employment "proximately exacerbated Plaintiff Stephen Gill's severe emotional distress," and that this emotional distress was "manifested by objective symptomatology." (Complaint, pp. 4-5, ¶¶ 24-25.) The complaint

3

also alleges that such actions by the NLSO constituted negligent infliction of emotional distress (Complaint, pp. 5-6, ¶¶ 26-32), and that the actions of the NLSO also constituted intentional infliction of emotional distress (Complaint, pp. 6-8, ¶¶ 33-40).

Based on the foregoing discussion, and based on the allegations of the complaint, plaintiff Stephen Gill might be able to establish that he sustained an emotional condition as a result of the alleged improper actions of the employing agency with respect to his hiring and the termination of his employment. For example, if Mr. Gill is able to establish that the employing agency committed error or abuse in the administration of a personnel matter, such error or abuse could constitute a factor of employment under *Cutler* analysis and the ECAB precedents discussed above, particularly *Norman A. Harris*, 42 ECAB 923, 927 (1991). If plaintiff Stephen Gill submits sufficient medical evidence based on a proper factual and medical background supporting his contention that he has an emotional condition that is causally related to factors of his federal employment, he would be entitled to compensation benefits under the FECA, including medical benefits and compensation for wage loss. To be sufficient, the medical evidence would have to demonstrate, with appropriate medical rationale, how plaintiff's emotional condition was causally related to the specific incidents that are properly characterized as factors of employment.

Based on the facts alleged in the complaint, I conclude there is a significant possibility of coverage under the FECA for an emotional condition sustained by Plaintiff Stephen Gill allegedly related to actions of the Department of the Navy, Naval Legal Services Command and/or Naval Legal Service Office Central with respect to his position as Claims Attorney Adviser with the Department of the Navy in Pensacola Florida during the period February 2002 through January 2003.[3]

---

[3]    Subject to certain exceptions (including actual knowledge by the immediate superior of the injury within 30 days), 5 U.S.C. § 8122(a) provides a three-year time limit on the filing of a claim for compensation under the FECA. The complaint alleges (p. 3, ¶ 15) that personnel of NLSC and/or NLSO advised plaintiff Stephen Gill approximately 45 days after March 25, 2002 that his employment would terminate on June 30, 2002. Although some of the events that are described in the complaint occurred prior to June 30, 2002, the first prospective termination date that was provided to plaintiff Stephen Gill was June 30, 2002. Accordingly, a FECA claim filed by June 30, 2005 would be considered timely filed with respect to any events that occurred on or after June 30, 2002. In addition, 5 U.S.C. § 8122(b) provides that "the time for filing claim does not begin to run until the employee has a compensable disability and is aware, or by the exercise of reasonable diligence should have been aware, of the causal relationship of the compensable disability to his employment." 5 U.S.C. § 8122(b). If an employee continues to be exposed to injurious working conditions after such awareness, the time limitation begins to run on the date of the last exposure to the injurious working conditions. *Willis E. Bailey*, 49 ECAB 511, 514 (1998). To the extent that plaintiff Stephen Gill continued to be exposed to injurious working conditions after June 30, 2002, the time limitation would not begin to run until the last date he was exposed to the injurious working conditions.

4