UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEPHEN GILL and MICHELLE GILL,
husband and wife,

        Plaintiffs,

vs.                                                CASE NO.: 05-cv-10309-MLW

UNITED STATES OF AMERICA,

        Defendant.
_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY

        Plaintiff STEPHEN GILL ("Mr. Gill") and Plaintiff MICHELLE GILL ("Mrs. Gill"), husband and wife, by and through their undersigned counsel, and pursuant to LR, D. Mass. 7.1(B), hereby opposes the Motion to Dismiss or in the Alternative for a Stay and memorandum in support thereof brought by Defendant UNITED STATES OF AMERICA ("Government") pursuant to Fed.R.Civ.P. 12(b)(1)(subject matter jurisdiction) and Fed.R.Civ.P. 12(b)(3)(venue), and respectfully requests that the Court deny the same, and as reasons therefor states as follows:

## FACTS AND PROCEDURAL HISTORY

1.    Mr. and Mrs. Gill's Complaint adequately avers a *prima facie* cause of action against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401(b)-2402; 2671-2680, *et seq.*, for damages due to negligent and/or intentional infliction of emotional distress and loss of consortium, marital society and service proximately caused by the acts and/or omissions of the Government, its agents, servants, or employees, acting within the scope of their office or employment. *See* Complaint [Dkt.#1].

2.    The delictual acts and/or omissions of the Government, its agents, servants, or employees arise from the soliciting, recruiting, contracting with and hiring of Mr. Gill in Massachusetts to

perform professional services for a two-year period as an Attorney-Advisor with the Naval Legal Service Office ("NLSO") in Pensacola, Florida, which was accomplished in violation of Federal statutes, regulations, and/or agency guidelines, including but not limited to 10 U.S.C. § 2304(a)(1) and 41 U.S.C. § 253(a)(1), and constituted prohibited service contracting practice, and 5 U.S.C. § 2302, and constituted prohibited personnel practices.  *See* id. at ¶ 12.

3. Mr. and Mrs. Gill's Complaint contains no allegation that Mr. Gill was an employee of the Government at any time relevant hereto, or that Mr. Gill and the Government entered into an employer/employee relationship at any time relevant hereto.  *See* id.

4. As mandated by the FTCA, prior to bringing their instant civil action, Mr. and Mrs. Gill timely presented[1] their respective claims for injuries due to emotional distress and loss of consortium to the Government, but it failed to take final action within the six months of presentment.  *See* Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.3; *see also,* Navy's "Parker denial"[2] letter 5890 Serial 151.4.151.A2/0179 of March 3, 2005, attached as Addendum "2" to Affidavit of Plaintiff Stephen Gill submitted herewith as Exhibit "A."

---

[1] The Government incorrectly asserts that the date of presentment of Mr. and Mrs. Gill's respective FTCA claims was February 25, 2004. *See* Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.3. Based upon the Government's authorized signatory who accepted receipt of Mr. and Mrs. Gill's respective FTCA claims by signing for receipt and taking possession of the Federal Express courier's hand delivery of the same, the date of presentment is February 18, 2004.  *See* Federal Express tracking record of signature attached as Addendum "1" to Affidavit of Plaintiff Stephen Gill submitted herewith as Exhibit "A."

[2] As a matter of law, the Government's failure to take final action within the six months of presentment of Mr. and Mrs. Gill's FTCA claims enabled them to file their instant civil action. *See* Parker v. United States, 935 F.2d 176, 177 (9th Cir.1991)(six-month period for filing suit under the FTCA after presentment of claim does not begin to run until the agency has notified the claimant of a final denial in accordance with section 2401(b)).

5.      Instead, the Government requested that Mr. Gill submit a claim to the United States Secretary of Labor ("Labor Secretary") pursuant to Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152, *et seq.* ("FECA"), citing cases from some federal circuits other than the First Circuit as authority for the Government's position along these lines, while concurrently admitting, ***"it is unclear whether or not the claimed injuries are within the remedies provided by the FECA."*** *See* Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.3 & the Navy's letter 5890 Serial 151.5.151.A2/0377 of July 13, 2004, attached thereto as Exhibit "1."

6.      Recognizing that the several federal circuits are split on the question of law as to whether FECA provides recovery for emotional injuries as suffered by Mr. Gill (as well as Mrs. Gill's derivative loss of consortium claims), and therefore whether recovery for emotional injuries under the FTCA is pre-empted by FECA, counsel for Mr. and Mrs. Gill, Timothy Morgan ("Attorney Morgan"), apprised the Government of its legally incorrect representation that that Mr. Gill must first submit a FECA claim to the Labor Secretary for determination of whether FECA covers the same. *See* Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.3 & Attorney Morgan's letter of July 18, 2004, attached thereto as Exhibit "2."

7.      Further, in his letter of July 18, 2004, Attorney Morgan apprised the Government that the First Circuit has not yet decided this issue, and that based on the unpublished decision of Miller v. United States, case no. 94-2259, 62 F.3d 1411 (Table)(1st Cir.1995)(*per curiam*), the First Circuit appears to be aligning itself with those federal circuits which hold that FECA does not cover emotional injuries like those suffered by Mr. Gill (and Mrs. Gill's derivative loss of

consortium claims).  *See* Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.3 & Exh.2 thereto.

8.      Additionally, in his letter, Attorney Morgan apprised the Government that when the First Circuit was faced with the opportunity in Miller to render a determination on this exact issue, it declined to do so, opting instead to save such a determination for a more appropriate case.  *See* id. at p.3 & Exh.2 thereto.  Moreover, Attorney Morgan suggested in his letter that Miller, the First Circuit is inclined to rule that FECA does not cover emotional injuries and that Mr. and Mrs. Gill's FTCA claims present an ideal opportunity for the court to do so.  Specifically, Attorney Morgan quoted Miller as follows:

> [W]e prefer to rest our decision on the ground that Miller failed to satisfy the presentment requirements of the FTCA, 28 U.S.C. § 2401(b).
> ...
> We note that whether the FECA covers emotional injuries and, even if it does, whether Miller's FTCA action is barred despite the fact that he was not paid FECA benefits, are novel issues in this circuit.  We recognize that cases such as McDaniel, Tarver, and Cardwell, *supra*, support affirmative answers to both questions.  On the other hand, there is a considerable body of case law which indicates that the FECA does not apply to emotional injuries.  *See* Sheehan. We find it unnecessary to take a position on these important issues -- which have not been well briefed by Miller[, who is appearing *pro se*].  It is apparent that Miller's suit is barred under the FTCA for improper presentment.
>
> Miller, at pp.1 & 8.

*See* Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.3 & Exh.2 thereto.

9.      It is undisputed that the several federal circuits are split on the question of law as to whether FECA provides recovery for emotional injuries and the First Circuit has not yet decided this issue.  *See* Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.7, including n.4; Id. at Exh.2 thereto (Navy's party admission: "***it is unclear whether or not***

***the claimed injuries are within the remedies provided by the FECA.***" (emphasis added)); Id. at

Exh.2 thereto (Attorney Morgan's statements and citation to Miller).

10.    Pursuant to Rules 12(b)(1)(subject matter jurisdiction) and 12(b)(3)(venue) of the Federal Rules of Civil Procedure, the Government filed its Motion to Dismiss or in the Alternative for a Stay (and to Transfer Venue) and memorandum in support thereof [Dkt.#7 & #8], *inter alia*, making several erroneous legal and factual representations and assumptions to this Court as follows:

**Government's Erroneous Arguments About Subject Matter Jurisdiction**

    a.    The Government's motion to dismiss, stay or transfer presupposes that Mr. Gill was an employee of the Government, or that Mr. Gill and the Government shared an employer/employee relationship without proffering any testimony about facts germane to the legal analysis of this question of law.  *See* id., *passim. See, e.g*, Brooks v. A.R.&S. Enter., Inc., 622 F.2d 8 (1st Cir.1980)("whether an individual is an employee of the United States under the FTCA is determined by federal law"); Strangi v. United States, 211 F.2d 305 (5th Cir.1954)(same).

    b.    Citing the inapposite First Circuit case of Bruni v. United States, 964 F.2d 76 (1st Cir.1992)(FTCA action for *wrongful death* of deceased federal employee's estate barred by FECA), the Government's motion to dismiss, stay or transfer insinuates that the First Circuit has determined that if a plaintiff brings *any* FTCA action, including an action for *emotional injuries* (and precipitating loss of consortium) like those asserted by Mr. and Mrs. Gill, then this Court's judicial authority must be divested or deferred to the Labor Secretary.  *See* id. at p.6.

c.  Predicated on the foregoing misapprehensions of law, together with the irrelevant recitations set forth in the Declaration of Edward G. Duncan, the Government's motion to dismiss, stay or transfer draws the erroneous conclusion of law that this Court is without jurisdiction to adjudicate Mr. and Mrs. Gill's FTCA action unless and until the Labor Secretary first renders a determination that no "substantial question" of FECA coverage exists.

**Government's Erroneous Arguments About Transfer of Venue**

d.  The Government's motion to dismiss, stay or transfer makes the out-and-out false statement, "all of the witnesses reside in Florida," without proffering any testimony in support of the same.

e.  While recognizing that the delictual acts and/or omissions of Government personnel acting within the scope of their office or employment occurred against Mr. and Mrs. Gill in the Commonwealth of Massachusetts, but that Mr. and Mrs. Gill suffered the harmful impact of the delictual acts and/or omissions in the State of Florida, the Government's motion to dismiss, stay or transfer completely ignores the tort impact exception to the tort situs doctrine under the FTCA in multistate tort actions espoused in Richard v. United States, 369 U.S. 1, 10, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (U.S.1962)(in multistate tort actions, the FTCA requires the court to look in the first instance to law of the place where the acts of negligence took place, and not the place where the negligence had its operative effect).

**ARGUMENT**

I.  **THE GOVERNMENT'S RULE 12(b)(1) MOTION.**

The Government's Rule 12(b)(1) motion to dismiss, stay or transfer in the instant action asserts that "[t]he pivotal issue before this Court, then, is whether a substantial question regarding FECA coverage exists." Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.7. By its motion, the Government mounts an *indirect* factual attack on subject matter jurisdiction that implicates an element of Mr. and Mrs. Gill's FTCA claims by asserting via affidavit that the same may be pre-empted by FECA and alleging, "there is a substantial possibility, that plaintiff's claims are covered under FECA… based on the allegations in the plaintiff's complaint." Id. at p.7 & Declaration of Edward G. Duncan, Deputy Director of the Federal Employees' Compensation Office of Workers' Compensation Programs, United States Department of Labor, of May 5, 2005 (together with appended Memorandum For) attached thereto collectively as Exhibit "3."

As set forth more fully herein below, the Government's motion to dismiss, stay or transfer is an attack on the merits of Mr. and Mrs. Gill's case, and as such, they are entitled to a greater level of protection because in truth they are facing a challenge to the validity of their FTCA claims. Accordingly, this Court should find that jurisdiction exists, deny the Government's Rule 12(b)(1) motion to dismiss, stay or transfer and require the Government to proceed under Rule 12(b)(6) or Rule 56.

A.  **Standards Applicable to Rule 12(b)(1) Motions to Dismiss, Stay or Transfer .**

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 29 Fed.R. Serv.2d 512 (5th Cir.1980), *reh'g denied*, 5th Cir. 1980) 622 F.2d 1043, *cert. denied*, 449

U.S. 953, 66 L.Ed.2d 217, 101 S.Ct. 358 (U.S.1980); United States v. Ritchie, 15 F.3d 592 (6th Cir.1994), *reh'g en banc denied*, (6th Cir. 1994), *cert. denied*, 513 U.S. 868 130 L.Ed.2d 212, 115 S.Ct. 188 (U.S.1994); Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573 (Fed.Cir. 1993), *cert. denied*, 512 U.S. 1235, 129 L.Ed.2d 859 114 S.Ct. 2738 (U.S.1994); R.B. McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir.1990); Mortensen v. First. Fed. Sav. & Loan Assoc., 549 F.2d 884, 22 Fed.R.Serv.2d 1089 (3[d] Cir.1977); Gould v. Elecs., Inc. v. United States, 220 F.3d 169 (3[d] Cir.2000). "Facial attacks" on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. *See* Menchaca, 613 F.2d at 511; Mortensen, 549 F.2d at 891; Dunbar, 919 F.2d 1528-1529. A facial attack is an attack on the adequacy of the complaint to allege a basis of federal subject-matter jurisdiction. McMaster, 177 F.3d at 940. The non-movant is entitled to safeguards similar to those available in opposing a Rule 12(b)(6) motion. *See* Williamson v. Tucker, 645 F.2d 404, 412; 32 Fed.R.Serv.2d 361 (5th Cir.1981), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981); Dunbar, 919 F.2d at 1529. The reviewing court must take all of the allegations in the complaint as true. *See* id; *see also,* Murphy v. United States, 45 F.3d 550, 220 (1st Cir. 1995).

"Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *See* Menchaca, 613 F.2d at 511; Mortensen, 549 F.2d at 891; Dunbar, 919 F.2d 1528-1529; Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir.1992); Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228 (1st Cir.1991). The non-movant does not enjoy the same safeguards as in the case of a facial attack. *See* Menchaca, 613 F.2d at

511; Mortensen, 549 F.2d at 891; Dunbar, 919 F.2d 1528-1529.  The reviewing court does not presume the truthfulness of the plaintiff's allegations in the complaint. *See* id.  The reviewing court also is not required to view all of the record evidence in the light most favorable to the non-movant.  *See* id.   Instead, the court is free to review the evidence and satisfy itself as to its power to hear the case.  *See* id.

Generally, where a Rule 12(b)(1) motion to dismiss denies or controverts plaintiff's allegations of jurisdiction, the movant is challenging the factual basis for court's subject matter jurisdiction, and in such cases, the allegations in the complaint are not controlling; rather, only undisputed allegations will be accepted as true and the court is not restricted to face of pleadings in making its decision. *See* Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573 (Fed.Cir.1993), *cert. denied*, 512 U.S. 1235, 129 L.Ed.2d 859 114 S.Ct. 2738 (U.S.1994).

Sometimes, however, a factual attack may implicate an element of the plaintiff's cause of action. *See* Williamson, 645 F.2d at 412; Dunbar, 919 F.2d at 1529.  This type of attack is referred to as an ***indirect*** factual attack, and the proper course for a district court to take in response to an ***indirect*** factual attack is to assume that jurisdiction exists and deal with the Rule 12(b)(1) motion as an attack on the merits of the plaintiff's case.  *See* id.  In such circumstances, the proper course is for the court to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.  *See* id.   This approach provides a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of the claim. *See* id.

In the case at bar, the substance of the Government's Rule 12(b)(1) motion reveals that the same is an ***indirect*** factual attack on subject matter jurisdiction that implicates an element of Mr. and Mrs. Gill's cause of action.  Accordingly, the Rule 12(b)(1) standard applicable to

*indirect* factual attacks on subject matter jurisdiction that implicate an element of a plaintiffs' cause of action is the appropriate standard to be applied to the Government's motion.

      B.      **The Government Misconstrues the Standard Applicable to Its Rule 12(b)(1) Motion and Misapplies Inapposite Case Law in Support of the Same.**

Contrary to the substance of the Government's Rule 12(b)(1) motion, which reveals that the same is an *indirect* factual attack on subject matter jurisdiction that implicates an element of Mr. and Mrs. Gill's cause of action, the Government not only misconstrues the standard applicable to its Rule 12(b)(1) motion to dismiss, but also misapplies the standard for *facial* attacks and the standard for *direct* factual attacks on subject matter jurisdiction that *do not* implicate an element of a plaintiff's case in its motion by relying inapposite case law as follows:

> Once subject matter jurisdiction has been questioned, it is the plaintiff's burden to establish by competent proof that jurisdiction in fact exists. Murphy v. United States, 45 F.3d 550, 522 (1st Cir.1995); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir.1992). 'No presumption of truthfulness attaches to the [plaintiff's] allegations of [jurisdiction].' Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228 (1st Cir.1991).

Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.2.

The Rule 12(b)(1) standards applied in Bank One, Media Duplication, and Murphy are inapposite to the case at bar. Bank One and Media Duplication address *direct* factual attacks on subject matter jurisdiction under Rule 12(b)(1) that *do not* implicate an element of a plaintiff's case. Murphy addresses the issue of *facial* challenge to subject matter jurisdiction. As such, the standards applied in these cases are inapposite to the instant action and should not be applied in the case at bar.

To be sure, closer review of Bank One and Media Duplication reveals that the same expressly address the issue of *direct* factual challenges to subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity), where the moving party successfully mounts a direct factual attack

on the plaintiffs' complaint by submitting affidavits that attack the factual allegations regarding domicile of the parties. *See* Bank One, 964 F.2d at 49-50; Media Duplication, 928 F.2d at 1235-1237. In both Bank One and Media Duplication, the First Circuit applied the appropriate Rule 12(b)(1) standard applicable to ***direct*** challenges to the existence of subject matter jurisdiction ***in fact***, by accepting ***only undisputed allegations as true*** and not restricting itself to the face of the pleadings in rendering its decision by considering matters outside the pleadings, such as testimony and affidavits. *See* Menchaca, 613 F.2d at 511; Mortensen, 549 F.2d at 891; Dunbar, 919 F.2d 1528-1529. The First Circuit examined the affidavits proffered by the movants in both Bank One and Media Duplication and the undisputed factual allegations, and determined that diversity jurisdiction under 28 U.S.C. § 1332(a) was not supported by the plaintiffs' complaints or other submissions, and affirmed the district court's dismissals of the plaintiffs' respective cases under Rule 12(b)(1).

In a similar vein, Murphy expressly addresses the issue of ***facial*** challenge to subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), by way of 28 U.S.C. § 1346(a)(1) (waiver of sovereign immunity for tax refund suits), and under 26 U.S.C. § 7433 (specific statutory right to bring an action for damages due to conduct of IRS employees). *See* id. (*passim*). In rendering its decision in Murphy, the First Circuit applied the appropriate Rule 12(b)(1) standard applicable to ***facial*** attacks to the existence of subject matter jurisdiction by taking the allegations in the complaint as true for the purposes of the motion, and merely looking at the face of the same to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *See* Menchaca, 613 F.2d at 511; Mortensen, 549 F.2d at 891; Dunbar, 919 F.2d 1528-1529. The First Circuit examined the pleadings and the undisputed factual allegations, and determined that diversity jurisdiction under 28 U.S.C. § 1332(a) was not

supported by the pleadings, and affirmed the district court's dismissal of the case under Rule 12(b)(1).

As the substance of the Government's Rule 12(b)(1) motion reveals that the same is an *indirect* factual attack on subject matter jurisdiction that implicates an element of Mr. and Mrs. Gill's cause of action, the Rule 12(b)(1) standards applied in Bank One, Media Duplication, and Murphy are inapposite to the case at bar. Accordingly, the Rule 12(b)(1) standard applicable to *indirect* factual attacks on subject matter jurisdiction that implicate an element of a plaintiffs' cause of action discussed more fully herein below is the appropriate standard to be applied to the Government's motion to dismiss, stay or transfer.

      C.     **Standard Applicable to the Government's Rule 12(b)(1) Motion.**

The case at bar invokes subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) by way of 28 U.S.C. § 1346(b) (waiver of sovereign immunity for tort claims brought under the FTCA). *See* Complaint [Dkt.#1], at ¶ 4. Mr. and Mrs. Gill expressly aver in their Complaint that there is no requirement that they submit a claim to the Secretary of Labor pursuant to FECA before bringing their instant civil action against the Government under the FTCA. *See* id., at ¶ 9.

The Government's Rule 12(b)(1) motion to dismiss, stay or transfer asserts that "[t]he pivotal issue before this Court, then, is whether a substantial question regarding FECA coverage exists." Government's memorandum of law in support of its motion to dismiss [Dkt.#8], at p.7. By its Rule 12(b)(1) motion, the Government mounts an *indirect* factual attack on subject matter jurisdiction that implicates an element of Mr. and Mrs. Gill's FTCA claims by asserting via affidavit that the same may be pre-empted by FECA and alleging, "there is a substantial possibility, that plaintiff's claims are covered under FECA... based on the allegations in the

plaintiff's complaint." Id., at p.7 & Exh.3 thereto.  Consequently, the case at bar is more closely analogous to Dunbar, 919 F.2d 1525, which examined an *indirect* attack by way of Rule 12(b)(1) by another United States agency, the Immigration and Naturalization Service ("INS"), against plaintiff who averred in her complaint that her injuries were due to the negligence of an INS employee tortfeasor acting within the scope of employment.

Like the instant action, in Dunbar, an element of the plaintiff's *prima facie* FTCA case against the INS was inextricably intertwined with and predicated upon the district court's subject matter jurisdiction; to wit: the salient issue involved a question of law as to whether the tortfeasor INS agent was acting in the scope of employment.[3]  *See* Id. at 1527; *see also,* Borrego v. United States, 790 F.2d 5 (1st Cir.1986).  Like the Government has tried to do in the case at bar, in Dunbar, to counter the jurisdictional question of law inextricably intertwined an element of the plaintiff's *prima facie* FTCA case, the INS proffered an irrelevant recitations in an affidavit of the Border Patrol's Chief Patrol Agent expressing the opinion that the tortfeasor INS agent was "not acting in the performance or pursuit of the mission of the United States Border Patrol." Id.

Recognizing that the existence of the plaintiff's FTCA claim depended on whether the tortfeasor INS agent was acting within the course and scope of his employment, and that a

---

[3] The question of whether the wrongdoer was an employee of the Government is of crucial significance in all cases under the Federal Tort Claims Act, for the liability assumed by the United States under the Act is a *respondeat* superior type of liability.  If there is no master-servant relationship between the United States and the wrongdoer, there can be no liability.  ***The employee question is also vital with respect to certain claimants in that if they are themselves employees of the Government, they may, under certain circumstances, be barred from recovery under the Tort Claims Act either because the Federal Employees' Compensation Act may be their exclusive remedy or for other equally cogent reasons.***

JAYSON & LONGSTRETH, HANDLING FEDERAL TORT CLAIMS, § 8.04 (emphasis added).

pertinent inquiry will resolve both the question of subject matter jurisdiction and a necessary element of the tort claims, the Eleventh Circuit properly concluded that the INS's motion to dismiss under Rule 12(b)(1) was an *indirect* factual attack on subject matter jurisdiction implicating an element of the plaintiff's cause of action and forced the INS to proceed under Rule 12(b)(6) or Rule 56.

Similarly, in <u>Williamson v. Tucker</u>, the Fifth Circuit discussed the standard by which a district court should decide factual attacks on subject matter jurisdiction when the defendant's attack also implicates an element of the cause of action and held:

> The proper course of action for the district court… is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case…. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat *indirect* attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6)… or Rule 56… both of which place great restrictions on the district court's discretion…. As a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. ***The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.***

<u>Williamson</u>, 645 F.2d 404, 415-416; 32 Fed.R.Serv.2d 361 (5th Cir.1981), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981)(emphasis added).

Accordingly, as the Government's motion to dismiss, stay or transfer in the case at bar is an attack on the merits of Mr. and Mrs. Gill's case, they are entitled to a greater level of protection because in truth they are facing a challenge to the validity of their FTCA claims. Accordingly, this Court should find that jurisdiction exists, deny the Government's motion to dismiss, stay or transfer, and force it to proceed under Rule 12(b)(6) or Rule 56.

**D.     The Government's Motion Fails under Fed.R.Civ.P.12(b)(6) and 56.**

Under Rule 12(b)(6) or Rule 56, the Government's motion to dismiss, stay or transfer fails because the same presupposes that Mr. Gill was an employee of the Government, or that Mr. Gill and the Government shared an employer/employee relationship without proffering any testimony about facts germane to the legal analysis of this question of law.  *See* id., *passim*. *See, e.g*, Brooks v. A.R.&S. Enter., Inc., 622 F.2d 8 (1st Cir.1980)("whether an individual is an employee of the United States under the FTCA is determined by federal law"); Strangi v. United States, 211 F.2d 305 (5th Cir.1954) (same).

Further, the Government's motion to dismiss, stay or transfer fails under Rule 12(b)(6) or Rule 56, as the same simply insinuates by way of the inapposite First Circuit case of Bruni v. United States, 964 F.2d 76 (1st Cir.1992)(FTCA action for *wrongful death* of deceased federal employee's estate barred by FECA), that the First Circuit has determined that if a plaintiff brings *any* FTCA action, including an action for *emotional injuries* (and precipitating loss of consortium) like those asserted by Mr. and Mrs. Gill, then this Court's judicial authority must be divested or deferred to the Labor Secretary.  *See* id. at p.6.  Despite the Government's argument, it cannot be undisputed that the several federal circuits are split on the question of law as to whether FECA provides recovery for emotional injuries, and that the First Circuit has not yet decided this issue.  *See* Miller v. United States, *supra.*  Moreover, the Government's argument along these lines clearly contradicts its admission that "***it is unclear whether or not the claimed injuries are within the remedies provided by the FECA.***"

Under Rule 12(b)(6) or Rule 56, the Government's motion to dismiss, stay or transfer fails because the same is predicated on the foregoing misapprehensions of law, together with the recitations set forth in the Declaration of Edward G. Duncan, irrelevant to the legal analysis of

these question of law, and draws the erroneous conclusion of law that this Court is without jurisdiction to adjudicate Mr. and Mrs. Gill's FTCA action unless and until the Labor Secretary first renders a determination that no "substantial question" of FECA coverage exists. *See* Dunbar, *supra*, and Williamson, *supra*.

As the Government's motion to dismiss, stay or transfer in the case at bar is an attack on the merits of Mr. and Mrs. Gill's case, they are entitled to a greater level of protection because in truth they are facing a challenge to the validity of their FTCA claims. Accordingly, this Court should find that jurisdiction exists, deny the Government's motion to dismiss, stay or transfer, after forcing it to proceed under Rule 12(b)(6) or Rule 56.

## II.   THE GOVERNMENT'S RULE 12(b)(3) MOTION TO TRANSFER.

The Government did not submit any affidavits, declarations or other evidentiary materials to support its motion to transfer venue. Thus, it has not provided the Court evidentiary facts upon which the Court may base a decision to transfer under 28 U.S.C. § 1404(a). This is a fatal flaw for the Government's motion to transfer. *See* Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293-94 (7th Cir.1989) (holding that movant failed to meet its burden under § 1404(a) where it did not supply "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony); Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-57 (3$^{d}$ Cir.1973) ("Defendants, having the burden of proof, did not support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)"); Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998) ("The movant must 'must support the transfer application with an affidavit containing detailed factual statements relevant

to the factors [to be considered by the court in its transfer decision], including the potential principal witnesses expected to be called and a general statement of the substance of their testimony'"); Pall Corp. v. PTI Techs., Inc., 992 F. Supp. 196, 198 (E.D.N.Y. 1998) ("The movant must support the motion with an affidavit containing '*detailed factual statements*' explaining why the transferee forum is more convenient, including the 'the potential principal witnesses expected to be called and a general statement of the substance of their testimony.'") (emphasis in original); Ukisko v. Penn Central Transportation Co., 408 F. Supp. 984, 986 (M.D. Penn. 1976) ("In determining the instant motion for transfer [under 28 U.S.C. § 1404(a)], the Court may properly consider only those facts which are undisputed or are a matter of record in the form of affidavits, depositions, stipulations, or other documents").

Moreover, transfer of this case to the Northern District of Florida based upon the doctrine of *forum non conveniens* under § 1404(a) would not be proper. Section 1404(a) is the statutory codification of the common law doctrine of *forum non conveniens*. See Tampa Bay Storm v. Arena Football League, Inc., 932 F. Supp. 281, 282 (M.D.Fla.1996). Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it could have been brought for: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir.1996).

A transfer of this action as sought by the Government will not serve the interests of the witnesses, the parties, or justice, as Mr. and Mrs. Gill's cause of action arises under the substantive law of the Commonwealth of Massachusetts, their choice of lead counsel, Kristen Materne, is a Massachusetts attorney not licensed to practice in Florida, and most if not all relevant Government witnesses presently work and reside in every state except Florida.

Despite this, the Government's motion to dismiss, stay or transfer makes the out-and-out false statement, "all of the witnesses reside in Florida," without proffering any testimony in support of the same. In reality, most if not all relevant Government witnesses presently work and reside in every state except Florida as follows:

| | |
|---|---|
| Steven W. Bannow | California; |
| James E. McPherson | District of Columbia/Virginia; |
| Dennis J. Oppman | District of Columbia/Virginia; |
| Joyce Y. Sherwood | District of Columbia/Virginia; |
| Douglas Cohen | Maryland; |
| Thomas W. Greene, Jr. | Rhode Island; |
| all relevant Navy HRO personnel | Stennis Space Center, Mississippi; |
| all relevant NLSO Claims personnel formerly located in Pensacola, Florida | Virginia. |

*See* Addenda "3," "4," and "5" to Affidavit of Plaintiff Stephen Gill submitted herewith as Exhibit "A."

Further, Mr. and Mrs. Gill's Complaint makes out a *prima facie* case that delictual acts and/or omissions of Government personnel acting within the scope of their office or employment occurred against Mr. and Mrs. Gill in the Commonwealth of Massachusetts, but that Mr. and Mrs. Gill suffered the harmful impact of the delictual acts and/or omissions in the State of Florida. While recognizing this, the Government's motion to dismiss, stay or transfer completely ignores the tort impact exception to the tort situs doctrine under the FTCA in multistate tort actions espoused in Richard v. United States, 369 U.S. 1, 10, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (U.S.1962)(in multistate tort actions, the FTCA requires the court to look in the first instance to law of the place where the acts of negligence took place, and not the place where the negligence had its operative effect). The Government should not be permitted to baldly assert

that venue is not proper in Massachusetts without even addressing this most cogent legal doctrine under the FTCA.

Accordingly, for all the foregoing reasons, the Government's Rule 12(b)(3) motion for transfer of venue must be dismissed as a mater of law.

### III.    THE GOVERNMENT'S MOTION FOR STAY.

The Government's motion to dismiss, transfer or stay requests as an alternative ground for relief that the Court stay the instant action unless and until Mr. Gill submits a FECA claim to the Labor Secretary for a determination that no "substantial question" of FECA coverage exists. For reasons discussed above, Mr. and Mrs. Gill oppose the Government's request for stay along these lines.

Instead, Mr. and Mrs. Gill respectfully request, alternatively, that if this Honorable Court is inclined to stay their instant FTCA action, that it do so not for the purpose of submission of a FECA claim, but, rather, to satisfy itself of its jurisdiction over a case, this Court should stay the instant FTCA action in favor of the parties or the Court *sua sponte* submitting a petition to the First Circuit to exercise its power of advisory mandamus under the All Writs Act, 28 U.S.C. § 1651.  Given that the several federal circuits are split on the question of law as to whether FECA provides recovery for emotional injuries and the First Circuit has not yet decided this issue, submission of a petition of mandamus under the All Writs Act would be most appropriate because this case "presents an issue of great importance and novelty, and one the resolution of which will likely aid other jurists, parties, and lawyers."   In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 15 (1st Cir.2000).  Moreover, it is entirely appropriate to invoke this extraordinary writ in aid of jurisdiction in rare cases such as this, where the plaintiff's cause of action is inextricably intertwined with the question of the court's subject

matter jurisdiction. *Cf., e.g.,* FTC v Dean Foods Co., 384 U.S. 597, 16 L.Ed.2d 802, 86 S.Ct. 1738 (U.S.1966)(Exercise of power under All Writs Act, 28 U.S.C. § 1651(a), is in nature of appellate jurisdiction where directed to inferior court, and extends to potential jurisdiction of appellate court where appeal is not then pending but may be later perfected); In re Makari, 708 F.2d 709 (Fed.Cir.1983)(Matters which tend to frustrate jurisdiction of Court of Appeals may be rectified by issuance of writs under All Writs Act , 28 U.S.C. § 1651(a)).

## CONCLUSION

Based o the foregoing, Mr. and Mrs. Gill respectfully request that this Honorable Court deny *in toto* the Government's Motion to Dismiss or in the Alternative for a Stay (or Transfer Venue), or alternatively, to satisfy itself of its jurisdiction over a case, stay the instant FTCA action in favor of the parties or this Court *sua sponte* submitting a petition to the First Circuit to exercise its power of advisory mandamus under the All Writs Act, 28 U.S.C. § 1651, for determination of whether FECA provides recovery for emotional injuries.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 5th day of July, 2005, we electronically filed the within document with the Clerk of Court by using its CM/ECF system which, in turn, will electronically transmit notice of the same to the following: AUSA Eugenia M. Carris, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210.  We further certify that a true and correct copy of the foregoing was sent this same day by U.S. Mail to said person(s).

| | |
|---|---|
| s/ | s/ |
| **KRISTEN MATERNE** | **STEPHEN D. GILL** |
| Massachusetts BBO No.:  639511 | Massachusetts BBO No.:  630671 |
| Law Offices of Timothy J. Morgan | Young, Bill, Fugett & Roumbos, P.A. |
| 33 College Hill Road, Suite 15G | Post Office Drawer 1070 |
| Warwick, RI 02886 | Pensacola, Florida  32591-1070 |
| Telephone: (401) 826-3344 | Telephone: (850) 432-2222 |
| Facsimile: (401) 826-0444 | Facsimile: (850) 432-1444 |
| e-mail: kmaterne@cox.net | e-mail: sgill@flalawyer.net |