UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEPHEN GILL and MICHELLE GILL,
husband and wife,

        Plaintiffs,

vs.                                                                       CASE NO.: 05-cv-10309-MLW

UNITED STATES OF AMERICA,

        Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO CONFER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)
(WITH INCORPORATED MEMORANDUM OF LAW)**

Plaintiff STEPHEN GILL and Plaintiff MICHELLE GILL, husband and wife (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to Fed.R.Civ.P. 83(b) and LR, D.Mass.7.1(A), hereby move to compel Defendant UNITED STATES OF AMERICA ("Defendant") to confer with Plaintiffs pursuant to Fed.R.Civ.P. 26(f) to plan discovery, on or before November 15, 2005, and as reasons therefor state as follows:

**FACTS AND PROCEDURAL HISTORY**

1.    Plaintiffs filed their Complaint [Dkt.#1] in the instant civil action on February 16, 2005.

2.    After this Court granted Defendant's two separate motions for extension of time to answer or otherwise respond to Plaintiff's Complaint [Dkt.# 4 & #5], Defendant ultimately filed a motion to dismiss or stay and memorandum in support [Dkt.#7 & #8] (collectively, "motion to dismiss or stay") on May 20, 2005.

3.	After this Court granted Plaintiffs' motion for extension of time to respond to Defendant's motion to dismiss, Plaintiffs timely filed their opposition to Defendant's motion to dismiss or stay [Dkt.#10] and their supporting affidavit [Dkt.#11] on July 5, 2005.

4.	Not only does Defendant's motion to dismiss or stay contain many misstatements of law and fact,[1] but also, the same appears to have been filed as part of Defendant's pattern of legal gamesmanship and stalling tactics designed to unduly delay this litigation and prejudice Plaintiffs' efforts to adduce discovery and move this litigation forward.

5.	To that end, Plaintiffs have attempted to adduce discovery and move this litigation forward by trying to initiate the parties' Rule 26(f) conference on or about September 13, 2005, but Defendant refused to so confer. (*See* copy of letter of Defendant's counsel, dated September 13, 2005, submitted herewith as Exhibit "A").

6.	Defendant's pattern of delay is evidenced, *inter alia*, by Defendant's (1) filing of multiple motions for enlargement of time, (2) filing its non-meritorious motion to dismiss or stay which contains many misstatements of law and fact and obfuscates this case of first impression in the First Circuit, and (3) refusing to engage in the parties' Rule 26(f) conference without just cause.

WHEREFORE, Plaintiff STEPHEN GILL and Plaintiff MICHELLE GILL, husband and wife, respectfully request that the Court grant their instant motion to compel and Order Defendant UNITED STATES OF AMERICA to confer with Plaintiff STEPHEN GILL and Plaintiff MICHELLE GILL, husband and wife, pursuant to Fed.R. Civ.P. 26(f) to plan discovery, **on or before November 15, 2005.**

---

[1] Defendant's motion to dismiss or stay contains many misstatements of law and fact, all as more fully set forth in Plaintiffs' opposition thereto and supporting affidavit.

## LOCAL RULE 7.1(A) CERTIFICATION

Pursuant to LR, D.Mass. 7.1(A), Plaintiffs' undersigned notice counsel states that he has attempted to initiate the parties' Rule 26(f) conference with Defendant's counsel, AUSA Eugenia Carris, on or about September 12-13, 2005, and that Defendant refused to so confer. (*See* Exh.A).

## INCORPORATED MEMORANDUM OF LAW

This litigation has been pending for nine (9) months without any discovery whatsoever having been able to be undertaken due to Defendant's willful recalcitrance, *inter alia*, to confer with Plaintiffs as required by Rule 26(f) of the Federal Rules of Civil Procedure.[2]  Rule 26(f) of the Federal Rules of Civil Procedure, in part, mandates as follows:

> [T]he parties ***must, as soon as practicable*** and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), ***confer*** to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals….
> …
> The attorneys of record and all unrepresented parties that have appeared in the case are ***jointly responsible for arranging the conferenc***e, for ***attempting in good faith to agree*** on the proposed discovery plan, ***and for submitting*** to the court within 14 days after the conference a written report outlining the plan.

Fed.R.Civ.P. 26(f) (emphasis added).

As set forth herein above, Defendant is engaging in a pattern of legal gamesmanship and stalling tactics designed to unduly delay this litigation and prejudice Plaintiffs' efforts to obtain discovery and move this litigation forward.  Defendant's pattern of delay is evidenced, *inter alia*, by Defendant's (1) filing of multiple motions for enlargement of time, (2) filing its non-meritorious motion to dismiss or stay which contains many misstatements of law and fact and

---

[2] Fed.R.Civ.P. 26(d) prohibits the parties from engaging in discovery until the parties' counsel have conferred in accordance with Fed.R.Civ.P. 26(f).

obfuscates this case of first impression in the First Circuit, and (3) refusing to engage in the parties' Rule 26(f) conference without just cause.

Accordingly, Plaintiffs respectfully request that this Court grant their instant motion to compel and Order Defendant to confer with Plaintiffs pursuant to Fed.R.Civ.P. 26(f) to plan discovery, **on or before November 15, 2005,** pursuant to this Court's broad authority to do so under Rule 83(b) of the Federal Rules of Civil Procedure, which provides:

> **Procedures When There is No Controlling Law.** A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

Fed.R.Civ.P. 83(b).

"A United States District Court, in all cases not provided for by these rules or by local rules, may regulate practice to be followed in proceedings properly before it in any manner not inconsistent with such federal rules or with statute, and manner and enforcement of such regulations rests in district court's sound discretion and will not be interfered with by an appellate tribunal in absence of showing of arbitrariness or fundamental unfairness." In re United Corp., 283 F.2d 593 (3$^d$ Cir.1960). *See also,* Silberstein v. I.R.S., 16 F.3d 858 (8th Cir.1994) (A district court has considerable leeway in application of its local rules.); Hawes v. Club Ecuestre El Comandante, 535 F.2d 140 (1st Cir.1976) (A federal district court is vested with a large measure of discretion in applying such rules as it does promulgate.); Lance, Inc. v. Dewco Services, Inc., 422 F.2d 778 (9th Cir.1970) (Local rules are promulgated by district courts primarily to promote efficiency of the court and court has large measure of discretion in interpreting and applying them.); U.S. Fidelity & Guar. Co. v. Lawrenson, 334 F.2d 464, (4th Cir.

1964), *cert. denied,* 85 S.Ct. 141, 379 U.S. 869, 13 L.Ed.2d 71 (A court is the best judge of its own rules).

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court grant their instant motion to compel and Order Defendant to confer with Plaintiffs pursuant to Fed.R.Civ.P. 26(f) to plan discovery, **on or before November 15, 2005.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of November, 2005, I electronically filed the within document with the Clerk of Court by using its CM/ECF system which, in turn, will electronically transmit notice of the same to the following: Kristen Materne, Esq., Law Offices of Timothy J. Morgan, 33 College Hill Road, Suite 15G, Warwick, RI 02886; and AUSA Eugenia M. Carris, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210. I further certify that a true and correct copy of the foregoing was sent this same day by U.S. Mail to said person(s).

/s/ Stephen D. Gill
**STEPHEN D. GILL**
Massachusetts BBO No.: 630671
Young, Bill, Fugett & Roumbos, P.A.
Post Office Drawer 1070
Pensacola, Florida 32591-1070
Telephone: (850) 432-2222
Facsimile: (850) 432-1444
sgill@flalawyer.net



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*
*Secretary's Tel. No. (617) 748-3282*
*Fax No. (617) 748-3971*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way - Suite 9200*
*Boston, Massachusetts 02210*

September 13, 2005

Stephen D. Gill, Esq.
Young, Bill, Fugett & Roumbos, PA
Seville Tower, 7th Floor
226 South Palafox Place
Pensacola, FL 32501

      Re:   Stephen Gill, et al. v. United States of America
            U.S. District Court - District of Massachusetts
            Civil Action No. 05-10309-MLW

Dear Mr. Gill:

    This letter respond to your September 12, 2005 voicemail message to me requesting that we set time to confer pursuant to Federal Rule of Civil Procedure 26(f). I returned from leave today and received that message. Given that the government has a pending motion to dismiss the above-captioned matter, I believe it would be more efficient for the parties to hold off on conferring until the Court has either ruled on the motion or set a scheduling conference.

                                          Very truly yours,

                                          Eugenia M. Carris
                                          Assistant U.S. Attorney

EMC/jmz

CC:   Kristen Materne, Esq.