UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEPHEN GILL and MICHELLE GILL,
husband and wife,

        Plaintiffs,

vs.                                       CASE NO.: 05-cv-10309-MLW

UNITED STATES OF AMERICA,

        Defendant.
_____/

## PLAINTIFFS' MOTION FOR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 (WITH INCORPORATED MEMORANDUM OF LAW)

Plaintiff STEPHEN GILL ("Mr. Gill") and Plaintiff MICHELLE GILL, husband and wife (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to Fed.R.Civ.P. 60(b) and LR, D.Mass.7.1(A), hereby move for relief from this Court's (Wolf, J.) Memorandum and Order of January 9, 2006 ("Order or Judgment"), dismissing Plaintiffs' instant civil action without prejudice to being reinstituted if the Secretary of Labor decides that the Federal Employees Compensation Act, 5 U.S.C. § 8101, *et seq.* ("FECA") does not cover the Plaintiffs' claims, as reasons therefor state as follows:

### FACTS

1.      Plaintiffs' instant civil action is a case of first impression in the First Circuit.

2.      In light of the facts peculiar to the Plaintiffs' claims, certain terms set forth in the Order or Judgment operate to create a legal conundrum and are not just.

3.     Specifically, the mandate set forth in the Order or Judgment requiring Plaintiffs to submit their claims to the Secretary of Labor to decide whether FECA covers their claims is a contingency that turns upon an issue of federal law that has yet to be decided in the First Circuit.

4.     Further, the Order or Judgment's mandate is unjust as the same fails to account for the threshold issue of whether Mr. Gill was an employee or an independent contractor of the Defendant UNITED STATES OF AMERICA ("Defendant"), which is a mixed question of federal law and fact.

WHEREFORE, Plaintiff STEPHEN GILL and Plaintiff MICHELLE GILL, husband and wife, respectfully request that the Court grant their instant motion and enter an Order permitting them to reinstitute their instant civil action without first submitting their claims to the Secretary of Labor to decide whether the Federal Employees Compensation Act, 5 U.S.C. § 8101, *et seq.* covers the Plaintiffs' claims.

## LOCAL RULE 7.1(A) CERTIFICATION

Pursuant to LR, D.Mass. 7.1(A), Plaintiffs' undersigned notice counsel states that his attorney, Timothy J. Morgan, conferred by proxy with Defendant's counsel, AUSA Eugenia Carris, between on January 30 and February 1, 2006, and that she advised that Defendant opposes Plaintiffs' instant motion.

## **INCORPORATED MEMORANDUM OF LAW**

Rule 60 of the Federal Rules of Civil Procedure, in part, provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: … (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b) (emphasis added).

As set forth above, Plaintiffs' instant civil action is a case of first impression in the First Circuit. In light of the facts peculiar to the Plaintiffs' claims, certain terms set forth in the Order or Judgment operate to create a legal conundrum and are not just.

Specifically, the mandate set forth in the Order or Judgment requiring Plaintiffs to submit their claims to the Secretary of Labor to decide whether FECA covers their claims turns upon an issue of federal law that has yet to be decided in the First Circuit. Further, the Order or Judgment's mandate is unjust as the same fails to account for the threshold issue of whether Mr. Gill was an employee or an independent contractor of the Defendant, which is a mixed question of federal law and fact. Accordingly, Plaintiffs respectfully request that this Court grant their instant motion.

**CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that this Court grant their instant motion and enter and Order permitting them to reinstitute their instant civil action without first submitting their claims to the Secretary of Labor to decide whether FECA covers their claims.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 2nd day of February, 2006, I electronically filed the within document with the Clerk of Court by using its CM/ECF system which, in turn, will electronically transmit notice of the same to the following: Kristen Materne, Esq., Law Offices of Timothy J. Morgan, 33 College Hill Road, Suite 15G, Warwick, RI 02886; and AUSA Eugenia M. Carris, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210. I further certify that a true and correct copy of the foregoing was sent this same day by U.S. Mail to said person(s).

/s/ Stephen D. Gill_____
**STEPHEN D. GILL**
Massachusetts BBO No.: 630671
Young, Bill, Fugett & Roumbos, P.A.
Post Office Drawer 1070
Pensacola, Florida 32591-1070
Telephone: (850) 432-2222
Facsimile: (850) 432-1444
E-mail: sgill@flalawyer.net
