UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEPHEN GILL and MICHELLE GILL,
husband and wife,

    Plaintiffs,

vs.                                                                                  CASE NO.: 05-cv-10309-MLW

UNITED STATES OF AMERICA,

    Defendant.
_____/

**SECOND PLAINTIFFS' MOTION TO REOPEN CIVIL ACTION AND FOR
LEAVE TO FILE AMENDED COMPLAINT WITH ASSENT OF DEFENDANT
(WITH INCORPORATE MEMORANDUM OF LAW)**

Plaintiffs STEPHEN GILL and MICHELLE GILL, husband and wife (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to this Court's (Wolf, Dist.J.) Memorandum and Order of January 9, 2006 (Docket No. 15), and Fed.R.Civ.P. 15(a), hereby file Plaintiffs' second motion for this Honorable Court to reopen the instant civil action and for leave to file Plaintiffs' Amended Complaint, which has been assented to by Defendant UNITED STATES OF AMERICA ("Defendant"), and as grounds therefor state as follows:

**PROCEDURAL HISTORY**

1.     On January 9, 2006, this Court entered its Memorandum and Order *Dismissing Without Prejudice* Plaintiffs' civil action to being reinstituted if the Secretary of Labor decides that the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152, *et seq.* ("FECA") does not cover Plaintiffs' claims.  (A copy of this Court's Memorandum and Order of January 9, 2006 (Docket No. 15) is attached hereto as Exhibit "A").

2. On December 1, 2006, the First Circuit Court of Appeals *Affirmed* this Court's Dismissal Without Prejudice. See Gill v. United States, 471 F.3d 204 (1st Cir.2006).

3. Thereafter, Plaintiffs petitioned the Supreme Court for *certiorari,* but the Supreme Court *Denied Certiorari* on October 1, 2007. See Gill v. United States, 552 U.S. ___, 128 S.Ct. 45, 169 L.Ed.2d 12 (2007).

4. In accordance with this Court's Memorandum and Order of January 9, 2006 (Docket No. 15), Plaintiffs *Presented* their FECA claim to the Secretary of Labor, by and through the U.S. Department of Labor's Office of Worker's Compensation Programs (collectively, "the Secretary") on March 30, 2007.

5. On July 13, 2007, the Secretary issued its Notice of Decision *Denying* Plaintiffs' FECA claim, finding that Plaintiffs' FECA claim was timely, but that Plaintiff Stephen Gill was not a civil employee as defined by the FECA, specifically, 5 U.S.C § 8101(1), and therefore FECA does not cover Plaintiffs' claims. (A true and correct copy of the Secretary's Notice of Decision of July 13, 2007 is attached hereto as Exhibit "B").

6. The Plaintiffs have drafted their *amended complaint* to reflect the Secretary's findings and denial of Plaintiffs' FECA claim. (A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit "C").

7. On October 2, 2007, Plaintiffs filed their first Motion to Reopen Case and for Leave to File Amended Complaint (with Incorporated Memorandum of Law) (Docket No. 24), to which Defendant did not object, *but no action has been taken by this Court on said motion*.

WHEREFORE, Plaintiffs STEPHEN GILL and MICHELLE GILL, husband and wife, respectfully request that the Court grant their instant second assented to motion and

enter an Order permitting them to reinstitute their instant civil action and for leave to file Plaintiffs' Amended Complaint (Exh.C).

## LOCAL RULE 7.1(A) CERTIFICATION

Pursuant to LR, D.Mass. 7.1(A), Plaintiffs' undersigned counsel states that he has conferred on several occasions with Defendant's counsel, AUSA Rachel Rollins, and that she advised that ***Defendant assent to Plaintiffs' motion to reopen this case.***

## INCORPORATED MEMORANDUM OF LAW

I. **THIS COURT'S MANDATE HAS BEEN ACCOMPLISHED AND THE SAME PERMITS PLAINTIFFS TO REINSTITUTE THIS ACTION.**

Effective October 1, 2007, Plaintiffs have exhausted their appellate rights with respect to this Honorable Court's Memorandum and Order of January 9, 2006 ***Dismissing Without Prejudice*** Plaintiffs' civil action to being reinstituted if the Secretary decides that the FECA does not cover Plaintiffs' claims.  *See* Exh.A, Exh.B & Gill v. United States, 471 F.3d 204 (1st Cir.2006), *cert. denied*, 552 U.S. ___, 128 S.Ct. 45, 169 L.Ed.2d 12 (2007).

In accordance with this Court's Memorandum and Order of January 9, 2006 (Docket No. 15), Plaintiffs ***Presented*** their FECA claim to the Secretary on March 30, 2007.  Thereafter, on July 13, 2007, the Secretary ***Denied*** Plaintiffs' FECA claim, finding that Plaintiffs' FECA claim was timely, but that Plaintiff Stephen Gill was not a civil employee as defined by the FECA, specifically, 5 U.S.C § 8101(1), and therefore FECA does not cover Plaintiffs' claims.  *See* Exh.B.

Accordingly, the mandate set forth in this Honorable Court's Memorandum and Order of January 9, 2006 9Docket No. 15), requiring Plaintiffs to submit their claims to the Secretary has been accomplished and pursuant to the express provisions of this Court's mandate, the same permits Plaintiffs to reinstitute their instant civil action.

II.  **PLAINTIFFS SEEK LEAVE TO AMEND THEIR COMPLAINT.**

Rule 15(a) of the Federal Rules of Civil Procedure provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. ***Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*** A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed.R.Civ.P. 15(a) (emphasis added).

The allowance of amendments to pleadings under Fed.R.Civ.P. 15 is within the sound discretion of the trial court, and should be freely granted as justice requires. *See* Foman v. Davis, 83 S.Ct. 227, 371 U.S. 178, 9 L.Ed.2d 222 (1962), *on remand*, 316 F.2d 254; Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1st Cir.1970), *cert. denied*, 91 S.Ct. 1193, 401 U.S. 974, 28 L.Ed.2d 324, *reh'g denied*, 91 S.Ct. 1658, 402 U.S. 990, 29 L.Ed.2d 156; Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208 ($3^d$ Cir.1984); J. B. Williams Co., Inc. v. Le Conteé Cosmetics, Inc., 523 F.2d 187 (9th Cir.1975), *cert. denied*, 96 S.Ct. 1110, 424 U.S. 913, 47 L.Ed.2d 317; Hayden v. Ford Motor Co., 497 F.2d 1292 (D.Ohio 1974);; Wyoming Const. Co. v. Western Cas. & Sur. Co., 275 F.2d 97 (10th Cir.1960); Ziegler v. Akin, 261 F.2d 88 (10th Cir.1958); Bates v. Western Elec., 420 F.Supp. 521 (D.Pa.1976); Universal Film Exchanges, Inc. v. Swanson, 165 F.Supp. 95 (D.Minn.1958); Barrett v. Independent Order of Foresters, 625 F.2d 73 (5th Cir.1980); Daves v. Payless Cashways, Inc., 661 F.2d 1022 (5th Cir.1981); Tasner v. Billera, 379 F.Supp. 815 (D.Ill.1974); Montgomery Envtl. Coalition v. Fri, 366 F.Supp. 2610 (D.D.C.1973); Witcjak v. Allen, 22 F.R.D. 330 (D.Pa.1958); Baker v. Pacific Far East

Lines, Inc., 451 F.Supp. 84 (N.D.Cal.1978);Wedgeworth v. Fibreboard Corp., 706 F.2d 541 (5th Cir.1983); Compusort, Inc. v. Goldberg, 606 F.Supp. 456 (S.D.N.Y.1985); Smith v. Anchor Motor Freight Co., 428 F.Supp. 21 (D.Pa.1976); Dixon v. Pennsylvania Crime Comm'n, 67 F.R.D. 425 (D.Pa.1975); Huse v. Consol. Freightways, 227 F.2d 425 (7th Cir.1955); Roloff v. Arabian Am. Oil Co., 421 F.2d 240 (2$^{d}$ Cir.1970); Williams v. U.S., 405 F.2d 234 (5thCir.(Ga.)1968); Longbottom v. Swaby, 397 F.2d 45 (5th Cir.1968); Travelers Indem. Co. v. U.S. for Use of Constr. Specialties Co.,382 F.2d 103 (10th Cir.1967); Wallace v. Knapp-Monarch Co., 234 F.2d 853 (8th Cir.1956); Hudnall v. Kelly, 388 F.Supp. 1352 (D.Ga.1975); Monarch Indus. Corp. v. Am. Motorists Ins. Co., 276 F.Supp. 972 (D.N.Y.1967); Yates v. Dann, 167 F.Supp. 174 (D.Del.1958); Popovitch v. Kasperlik, 76 F.Supp. 233 (D.Pa.1947); Billy Baxter, Inc. v. Coca-Cola Co., 47 F.R.D. 345,(D.N.Y.1969); *aff'd*, 431 F.2d 183, *cert. denied,* 91 S.Ct. 877, 401 U.S. 923, 27 L.Ed.2d 826, *reh'g denied,* 91 S.Ct. 1250, 401 U.S. 1014, 27 L.Ed.2d 553.

Here, the Plaintiffs have amended their complaint to reflect the Secretary's findings and denial of Plaintiffs' FECA claim.  *See* Exh.B & Exh.C.  Accordingly, justice requires that the Plaintiffs be granted leave to file their Amended Complaint upon the reopening of the instant civil action in accordance with the accomplishment of this Honorable Court's mandate as aforesaid, ***to which the Defendant assents***.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court grant their instant second assented to motion and enter and Order permitting them to reinstitute their instant civil action and granting them leave to file their Amended Complaint.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this, the 21st day of February 2008, I electronically filed the within document with the Clerk of Court by using its CM/ECF system which, in turn, will electronically transmit notice of the same to the following: United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

/s/ STEPHEN D. GILL
STEPHEN D. GILL
Massachusetts BBO No.: 630671
Stephen D. Gill, P.A.
200 E. Government Street, Suite 130
Pensacola, FL 32502
Tel.: (850) 438-3338
Fax: (850) 438-3339
gill@mchsi.com
*Pro se* Plaintiff and Attorney
for Plaintiff Michelle Gill

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN GILL, ET AL.,        )
    Plaintiffs,              )
                             )
    v.                       )   C.A. No. 05-10309-MLW
                             )
UNITED STATES OF AMERICA,    )
    Defendant.               )

MEMORANDUM AND ORDER

WOLF, D.J.                                        January 9, 2006

    The government has moved to dismiss or stay this case pending a determination by the Secretary of Labor concerning whether plaintiffs are entitled to compensation for the matters at issue in this case under the Federal Employees Compensation Act, 5 U.S.C. §8101 et seq. (the "FECA"). Alternatively, the government requests that this case be transferred to an appropriate District in Florida. Plaintiffs oppose the government's motion.

    If a claim is covered under the FECA, the federal courts do not have subject matter jurisdiction over it. See Bruni v. United States, 964 F.2d 76, 79 (1st Cir. 1992).

> Resolution of the coverage question has been entrusted to the Secretary of Labor. 5 U.S.C. §8128(b). Thus, the employee must first seek and be denied relief under the FECA unless his/her injuries do not present a substantial question of compensability under the act. Somma v. United States, 283 F.2d 149, 150-51 (3rd Cir. 1960). A substantial question exists unless it is certain that the Secretary would not find coverage.

Id. (emphasis in original).

    The government's submission indicates that it is not, as a



matter of fact or law, certain that plaintiffs claims are not covered by the FECA. Indeed, it appears that there is a significant possibility that their claims are covered by the FECA.

Accordingly, it is hereby ORDERED that:

1. The United States' Motion to Dismiss or in the Alternative for a Stay (Docket No. 7) is ALLOWED.

2. This case is DISMISSED without prejudice to being reinstituted if the Secretary of Labor decides that the FECA does not cover the plaintiffs' claims.


/S/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE

File Number: 062191536
nodciv-D-I

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMP PROGRAMS
PO BOX 8300 DISTRICT 6 JAC
LONDON, KY 40742-8300
Phone: (904) 357-4777

July 13, 2007

Date of Injury: 06/30/2004
Employee: STEPHEN D. GILL

STEPHEN D GILL
1249 CATHLEEN DR
GULF BREEZE, FL 32563

Dear Mr. GILL:

### NOTICE OF DECISION

Your claim for compensation is denied because you were not a civil employee as defined by the Federal Employees' Compensation Act (FECA) at the time of the claimed injury.

Section 5 U.SC. 8101(1) of the FECA generally defines a federal employee as a civil officer or employee in any branch of the United States Government; or an individual rendering personal service to the United States similar to the service of a civil officer or employee, but without pay or with nominal pay, such as some volunteers, when a statute authorizes the service, other than an independent contractor or an individual employed by an independent contractor.

You filed a timely claim for compensation stating that you were an employee of the Federal government at the time of the injury. The evidence fails to support that an employer/employee relationship existed at the time of the claimed injury as required for coverage under the FECA.

The Employees' Compensation Appeals Board has held:

> A prerequisite to entitlement under the FECA is that the claimant, or the individual whose name benefits are claimed, be an employee of the United States as defined by 5 U.S.C. 8101(1). Kasanee Sawyer (Wallace B. Sawyer, Jr.), 40 ECAB ___(1989) [89-1032 issued September 29].

Based on these findings, the claim is denied because it is not established that you are or were a federal employee for the purpose of coverage under the FECA. Medical treatment is not authorized and prior authorization, if any, is terminated.

If you disagree with this decision, you should carefully review the attached appeal rights, and pursue whichever avenue is appropriate to your situation.

Sincerely,

Valerie S. Franson
Claims Examiner


EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEPHEN GILL and MICHELLE GILL,
husband and wife,

        Plaintiffs,
v.                                                                                  CASE NO.: 05-cv-10309-MLW

UNITED STATES OF AMERICA,

        Defendant.
_____/

## AMENDED COMPLAINT

### PARTIES

1.  Plaintiff Stephen Gill is a resident of Gulf Breeze, Santa Rosa County, Florida, and is a citizen of the United States.

2.  Plaintiff Michelle Gill is a resident of Gulf Breeze, Santa Rosa County, Florida, and is a citizen of the United States.

3.  Defendant United States of America is within the jurisdiction of this Court.

### JURISDICTION

4.  This Court has jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2401(b)-2402; 2671-2680, *et seq.* ("FTCA"), and all conditions precedent to Plaintiff Stephen Gill and Plaintiff Michelle Gill's right to bring this action have occurred or have been excused as hereinafter more fully appears.

5.  At all material times relevant to the negligent acts or omissions and/or intentional acts or omissions of personnel of Naval Legal Services Command ("NLSC") and/or Naval Legal Service Office Central ("NLSO") acting within the scope of their office or employment with the



Department of the Navy, an agency of Defendant United States of America, Plaintiffs Stephen Gill and Michelle Gill were residents of South Weymouth, Norfolk County, Massachusetts.

6. The Commonwealth of Massachusetts is the place where the negligent acts or omissions and/or intentional acts or omissions of personnel acting within the scope of their office or employment with the Department of the Navy, an agency of Defendant United States of America, occurred against Plaintiffs Stephen Gill and Michelle Gill.

7. The State of Florida is the place where Plaintiffs Stephen Gill and Michelle Gill suffered the harmful impact of the negligent acts or omissions and or intentional acts or omissions of personnel acting within the scope of their office or employment with the Department of the Navy, an agency of Defendant United States of America.

8. Pursuant to 28 U.S.C. § 1346(b), the entire substantive law of the Commonwealth of Massachusetts applies to the instant civil action.

9. Plaintiffs Stephen Gill and Michelle Gill submitted a claim to the U.S. Department of Labor ("DOL") pursuant to Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152, *et seq.* ("FECA"), and the same was denied by the DOL. A true and correct copy of the DOL's Notice of Decision, dated July 13, 2007, is attached hereto as Exhibit "A," and incorporated herein by reference.

10. More than six (6) months before this action was instituted, the claim set forth herein was presented to the Department of the Navy pursuant to 28 U.S.C. § 2675(a). Said agency having failed to make a final disposition of the claim within that time, Plaintiffs Stephen Gill and Michelle Gill deem such failure to be a denial thereof.

## FACTS

11. On or about February 22, 2002, personnel of NLSC and/or NLSO, including but not limited to Commander Steven W. Bannow, Judge Advocate General's Corps, U.S. Navy ("CDR Bannow"), while acting in the course and scope of employment, reached out to the Commonwealth of Massachusetts to solicit, recruit, and contract for hire Plaintiff Stephen Gill, to serve as a Claims Attorney-Advisor under a personal services contract for a two-year period with NLSO in Pensacola, Florida.

12. The soliciting, recruiting, and contracting for the personal services of Plaintiff Stephen Gill was accomplished by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, in violation of Federal statutes, regulations, and/or agency guidelines, including but not limited to 10 U.S.C. § 2304(a)(1) and 41 U.S.C. § 253(a)(1), and constituted prohibited service contracting practice, and to the extent applicable constituted prohibited personnel practices in violation of 5 U.S.C. § 2302.

13. The soliciting, recruiting, and contracting the personal services of Plaintiff Stephen Gill by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, caused Plaintiff Stephen Gill to resign his lucrative position as an attorney in private practice in Boston, Massachusetts, to sell his family's home, to relocate his wife and two young children to the Pensacola, Florida area, and to move all of his family's belongings at his own expense.

14. The Claims Attorney-Advisor position with NLSO constituted nearly a thirty-percent (30%) per year pay cut for Plaintiff Stephen Gill, and did not afford him or his family any health insurance or other benefits whatsoever.

15. Plaintiff Stephen Gill commenced his first day of employment under his personal services contract with NLSO on or about March 25, 2002. Within approximately forty-five (45) days

thereafter, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Plaintiff Stephen Gill that his position would conclude approximately one (1) month later, on June 30, 2002.

16. Under the circumstances, being informed by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, that his two-year position would terminate following only about ninety (90) days of employment proximately caused Plaintiff Stephen Gill to suffer severe emotional distress that a reasonable person would have suffered.

17. Plaintiff Stephen Gill's emotional distress manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia.

18. Thereafter, in mid-June, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position would not terminate on June 30, 2002; but, rather, that he would remain employed until September 30, 2002.

19. In mid-September, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position as a Claims Attorney-Advisor would not end on September 30, 2002, but would be extended until October 31, 2002.

20. By this time, Stephen Gill had accepted employment with a private law firm in Pensacola, Florida, and was to start work with that firm on November 1, 2002.

21. Thereafter, on or about October 29, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, again in violation of Federal statutes, regulations, and/or agency guidelines hired Stephen Gill to serve as a Legal Assistance Attorney-Advisor with NLSO for a six-month period.

22. This caused Stephen Gill to reject employment with the private law firm that had hired him to start work on November 1, 2002.

23. A short time later, around Christmas 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position as a Legal Assistance Attorney-Advisor would conclude on January 11, 2003, and did conclude on that date.

24. Under the circumstances, being informed by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, that his Legal Assistance Attorney-Advisor position would terminate following only about ninety (60) days of employment after inducing Plaintiff Stephen Gill to reject employment with a private law firm that had hired him to start work on November 1, 2002, proximately exacerbated Plaintiff Stephen Gill's severe emotional distress that a reasonable person would have suffered.

25. Plaintiff Stephen Gill's exacerbated emotional distress manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and dysthymia.

## COUNT I – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff Stephen Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, constituted negligence.

28. The aforesaid negligent acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, did in fact

proximately cause and also exacerbate Plaintiff Stephen Gill emotional distress as manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia.

29.     The aforesaid emotional injuries were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiff Stephen Gill contributing thereto.

30.     As a result of the aforesaid negligent acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Stephen Gill has suffered damages for his emotional distress and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, has incurred and continues to incur expenses for medical attention and treatment, including but not limited to costs of antidepressant and anxiety medications required to treat his emotional distress, to Plaintiff Stephen Gill's detriment and damage in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00).

31.     Under the circumstances, a reasonable person would have suffered emotional distress.

32.     If Defendant United States of America were a private person, it would be liable to Plaintiff Stephen Gill in accordance with the law of the Commonwealth of Massachusetts.

        WHEREFORE, Plaintiff Stephen Gill demands judgment against the Defendant United States of America in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00), plus costs, and such other relief as this Court deems just.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff Stephen Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, were intended to inflict emotional distress, or Defendant United States of America, its agents, servants, or employees knew or should have known that emotional distress was the likely result of their aforesaid conduct under the circumstances.

35. Under the circumstances, the aforesaid conduct of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

36. The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, caused and also exacerbated Plaintiff Stephen Gill's emotional distress.

37. The emotional distress sustained by Plaintiff Stephen Gill, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia, was and is severe and of a nature that no reasonable man could be expected to endure.

38. The aforesaid emotional injuries were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiff Stephen Gill contributing thereto.

39. As a result of the aforesaid conduct of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Stephen Gill has suffered damages for his emotional distress and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, has incurred and continues to incur expenses for medical attention and treatment, including but not limited to costs of antidepressant and anxiety medications required to treat his emotional distress, to Plaintiff Stephen Gill's detriment and damage in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00).

40. If Defendant United States of America were a private person, it would be liable to Plaintiff Stephen Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Stephen Gill demands judgment against the Defendant United States of America in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00), plus costs, and such other relief as this Court deems just.

### COUNT III – LOSS OF CONSORTIUM, SERVICE, AND MARITAL SOCIETY

41. Plaintiff Michelle Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. As a result of the aforesaid negligent and/or intentional acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Michelle Gill, as the lawfully wedded wife of Plaintiff Stephen Gill, was deprived of the service, society, and consortium to which she was entitled as his wife, and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, to Plaintiff Michelle Gill's detriment and damage in the sum of Three-Hundred Seventy-Five Thousand Dollars ($375,000.00).

43.   The aforesaid emotional injuries to Plaintiff Stephen Gill and the aforesaid loss of consortium and marital society and service suffered by Plaintiff Michelle Gill were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiffs Stephen Gill or Michelle Gill contributing thereto.

44.   If Defendant United States of America were a private person, it would be liable to Plaintiffs Stephen Gill and Michelle Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Michelle Gill demands judgment against the Defendant United States of America in the sum of Three-Hundred Seventy-Five Thousand Dollars ($375,000.00), plus costs, and such other relief as this Court deems just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this, the ____ day of February, 2008, I electronically filed the within document with the Clerk of Court by using its CM/ECF system which, in turn, will electronically transmit notice of the same to the following: AUSA Eugenia M. Carris, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210. I further certify that a true and correct copy of the foregoing was sent this same day by U.S. Mail to said person(s).

STEPHEN D. GILL
Massachusetts BBO No.: 630671
Stephen D. Gill, P.A.
200 E. Government Street, Suite 130
Pensacola, FL 32502
Tel.: (850) 438-3338
Fax: (850) 438-3339
Stephen@gill-lawfirm.com
*Pro se* Plaintiff and Attorney
for Plaintiff Michelle Gill