UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEPHEN GILL and MICHELLE GILL,
husband and wife,

        Plaintiffs,

v.                              CASE NO.: 05-cv-10309-MLW

UNITED STATES OF AMERICA,

        Defendant.

_____/

## AMENDED COMPLAINT

### PARTIES

1.     Plaintiff Stephen Gill is a resident of Gulf Breeze, Santa Rosa County, Florida, and is a citizen of the United States.

2.     Plaintiff Michelle Gill is a resident of Gulf Breeze, Santa Rosa County, Florida, and is a citizen of the United States.

3.     Defendant United States of America is within the jurisdiction of this Court.

### JURISDICTION

4.     This Court has jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2401(b)-2402; 2671-2680, *et seq.* ("FTCA"), and all conditions precedent to Plaintiff Stephen Gill and Plaintiff Michelle Gill's right to bring this action have occurred or have been excused as hereinafter more fully appears.

5.     At all material times relevant to the negligent acts or omissions and/or intentional acts or omissions of personnel of Naval Legal Services Command ("NLSC") and/or Naval Legal Service Office Central ("NLSO") acting within the scope of their office or employment with the

Department of the Navy, an agency of Defendant United States of America, Plaintiffs Stephen

Gill and Michelle Gill were residents of South Weymouth, Norfolk County, Massachusetts.

6.      The Commonwealth of Massachusetts is the place where the negligent acts or omissions

and/or intentional acts or omissions of personnel acting within the scope of their office or

employment with the Department of the Navy, an agency of Defendant United States of

America, occurred against Plaintiffs Stephen Gill and Michelle Gill.

7.      The State of Florida is the place where Plaintiffs Stephen Gill and Michelle Gill suffered

the harmful impact of the negligent acts or omissions and or intentional acts or omissions of

personnel acting within the scope of their office or employment with the Department of the

Navy, an agency of Defendant United States of America.

8.      Pursuant to 28 U.S.C. § 1346(b), the entire substantive law of the Commonwealth of

Massachusetts applies to the instant civil action.

9.      Plaintiffs Stephen Gill and Michelle Gill submitted a claim to the U.S. Department of

Labor ("DOL") pursuant to Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152, *et

seq.* ("FECA"), and the same was denied by the DOL.

10.     More than six (6) months before this action was instituted, the claim set forth herein was

presented to the Department of the Navy pursuant to 28 U.S.C. § 2675(a).  Said agency having

failed to make a final disposition of the claim within that time, Plaintiffs Stephen Gill and

Michelle Gill deem such failure to be a denial thereof.

## FACTS

11.     On or about February 22, 2002, personnel of NLSC and/or NLSO, including but not

limited to Commander Steven W. Bannow, Judge Advocate General's Corps, U.S. Navy ("CDR

Bannow"), while acting in the course and scope of employment, reached out to the

Commonwealth of Massachusetts to solicit, recruit, and contract for hire Plaintiff Stephen Gill, to serve as a Claims Attorney-Advisor under a personal services contract for a two-year period with NLSO in Pensacola, Florida.

12.    The soliciting, recruiting, and contracting for the personal services of Plaintiff Stephen Gill was accomplished by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, in violation of Federal statutes, regulations, and/or agency guidelines, including but not limited to 10 U.S.C. § 2304(a)(1) and 41 U.S.C. § 253(a)(1), and constituted prohibited service contracting practice, and to the extent applicable constituted prohibited personnel practices in violation of 5 U.S.C. § 2302.

13.    The soliciting, recruiting, and contracting the personal services of Plaintiff Stephen Gill by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, caused Plaintiff Stephen Gill to resign his lucrative position as an attorney in private practice in Boston, Massachusetts, to sell his family's home, to relocate his wife and two young children to the Pensacola, Florida area, and to move all of his family's belongings at his own expense.

14.    The Claims Attorney-Advisor position with NLSO constituted nearly a thirty-percent (30%) per year pay cut for Plaintiff Stephen Gill, and did not afford him or his family any health insurance or other benefits whatsoever.

15.    Plaintiff Stephen Gill commenced his first day of employment under his personal services contract with NLSO on or about March 25, 2002.  Within approximately forty-five (45) days thereafter, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Plaintiff Stephen Gill that his position would conclude approximately one (1) month later, on June 30, 2002.

16.    Under the circumstances, being informed by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, that his two-year position would terminate following only about ninety (90) days of employment proximately caused Plaintiff Stephen Gill to suffer severe emotional distress that a reasonable person would have suffered.

17.    Plaintiff Stephen Gill's emotional distress manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia.

18.    Thereafter, in mid-June, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position would not terminate on June 30, 2002; but, rather, that he would remain employed until September 30, 2002.

19.    In mid-September, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position as a Claims Attorney-Advisor would not end on September 30, 2002, but would be extended until October 31, 2002.

20.    By this time, Stephen Gill had accepted employment with a private law firm in Pensacola, Florida, and was to start work with that firm on November 1, 2002.

21.    Thereafter, on or about October 29, 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, again in violation of Federal statutes, regulations, and/or agency guidelines hired Stephen Gill to serve as a Legal Assistance Attorney-Advisor with NLSO for a six-month period.

22.    This caused Stephen Gill to reject employment with the private law firm that had hired him to start work on November 1, 2002.

23.     A short time later, around Christmas 2002, personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, informed Stephen Gill that his position as a Legal Assistance Attorney-Advisor would conclude on January 11, 2003, and did conclude on that date.

24.     Under the circumstances, being informed by personnel of NLSC and/or NLSO, including but not limited to CDR Bannow, that his Legal Assistance Attorney-Advisor position would terminate following only about ninety (60) days of employment after inducing Plaintiff Stephen Gill to reject employment with a private law firm that had hired him to start work on November 1, 2002, proximately exacerbated Plaintiff Stephen Gill's severe emotional distress that a reasonable person would have suffered.

25.     Plaintiff Stephen Gill's exacerbated emotional distress manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and dysthymia.

## COUNT I – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26.     Plaintiff Stephen Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27.     The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, constituted negligence.

28.     The aforesaid negligent acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, did in fact proximately cause and also exacerbate Plaintiff Stephen Gill emotional distress as manifested by objective symptomatology, including but not limited to stress and anxiety, fatigue, sleeplessness,

feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia.

29.    The aforesaid emotional injuries were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiff Stephen Gill contributing thereto.

30.    As a result of the aforesaid negligent acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Stephen Gill has suffered damages for his emotional distress and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, has incurred and continues to incur expenses for medical attention and treatment, including but not limited to costs of antidepressant and anxiety medications required to treat his emotional distress, to Plaintiff Stephen Gill's detriment and damage in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00).

31.    Under the circumstances, a reasonable person would have suffered emotional distress.

32.    If Defendant United States of America were a private person, it would be liable to Plaintiff Stephen Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Stephen Gill demands judgment against the Defendant United States of America in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00), plus costs, and such other relief as this Court deems just.

## COUNT II –INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.    Plaintiff Stephen Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 32 above as if fully set forth herein.

34.    The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, were intended to inflict emotional distress, or Defendant United States of America, its agents, servants, or employees knew or should have known that emotional distress was the likely result of their aforesaid conduct under the circumstances.

35.    Under the circumstances, the aforesaid conduct of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

36.    The aforesaid acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, caused and also exacerbated Plaintiff Stephen Gill's emotional distress.

37.    The emotional distress sustained by Plaintiff Stephen Gill, including but not limited to stress and anxiety, fatigue, sleeplessness, feelings of despair, concentration problems, difficulty driving and working, reduced libido, and developing dysthymia, was and is severe and of a nature that no reasonable man could be expected to endure.

38.    The aforesaid emotional injuries were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiff Stephen Gill contributing thereto.

39.    As a result of the aforesaid conduct of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Stephen Gill has suffered damages for his emotional distress and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, has incurred and continues to

incur expenses for medical attention and treatment, including but not limited to costs of antidepressant and anxiety medications required to treat his emotional distress, to Plaintiff Stephen Gill's detriment and damage in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00).

40.     If Defendant United States of America were a private person, it would be liable to Plaintiff Stephen Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Stephen Gill demands judgment against the Defendant United States of America in the sum of Seven-Hundred Fifty Thousand Dollars ($750,000.00), plus costs, and such other relief as this Court deems just.

## COUNT III – LOSS OF CONSORTIUM, SERVICE, AND MARITAL SOCIETY

41.     Plaintiff Michelle Gill incorporates by reference all of the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42.     As a result of the aforesaid negligent and/or intentional acts and/or omissions of Defendant United States of America, its agents, servants, or employees, acting within the scope of their office or employment, Plaintiff Michelle Gill, as the lawfully wedded wife of Plaintiff Stephen Gill, was deprived of the service, society, and consortium to which she was entitled as his wife, and will continue to suffer similar damage in the future by reason of the possible permanency of his injuries, to Plaintiff Michelle Gill's detriment and damage in the sum of Three-Hundred Seventy-Five Thousand Dollars ($375,000.00).

43.     The aforesaid emotional injuries to Plaintiff Stephen Gill and the aforesaid loss of consortium and marital society and service suffered by Plaintiff Michelle Gill were caused solely by Defendant United States of America, its agents, servants, or employees, and without any negligence on the part of Plaintiffs Stephen Gill or Michelle Gill contributing thereto.

44.    If Defendant United States of America were a private person, it would be liable to Plaintiffs Stephen Gill and Michelle Gill in accordance with the law of the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff Michelle Gill demands judgment against the Defendant United States of America in the sum of Three-Hundred Seventy-Five Thousand Dollars ($375,000.00), plus costs, and such other relief as this Court deems just.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this, the 3rd of March, I electronically filed the within document with the Clerk of Court by using its CM/ECF system which, in turn, will electronically transmit  notice of the same to the following: AUSA Rachel Rollins, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

**/s/ STEPHEN D. GILL**
STEPHEN D. GILL
Massachusetts BBO No.: 630671
Stephen D. Gill, P.A.
200 E. Government Street, Suite 130
Pensacola, FL 32502
Tel.: (850) 438-3338
Fax: (850) 438-3339
stephen@gill-lawfirm.com
*Pro se* Plaintiff and Attorney
for Plaintiff Michelle Gill