UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN GILL and MICHELLE GILL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 05-CV-10309-MLW ) |
| UNITED STATES OF AMERICA | ) ) |
| Defendant. | ) ) |

## ANSWER OF THE UNITED STATES

Defendant, United States of America ("United States"), by and through its undersigned attorney, hereby answers Plaintiffs' Amended Complaint as follows:

### FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of the action because the Amended Complaint was not timely filed pursuant to 28 U.S.C. § 2401(b).

### SECOND DEFENSE

This Court lacks jurisdiction over the subject matter of the action because the Amended Complaint seeks relief for allegations of prohibited personnel practices in

1

violation of 5 U.S.C. § 2302, for which the Merit Systems Protection Board has exclusive cognizance.

### THIRD DEFENSE

This Court lacks jurisdiction over the subject matter of the action because the Amended Complaint seeks relief for allegations of a breach of an employment contract for which the U.S. Court of Claims has exclusive cognizance.

### FOURTH DEFENSE

This Court lacks jurisdiction over the subject matter of the action because the Amended Complaint seeks relief under the Federal Tort Claims Act but fails to allege a duty of care established by law of the place of the alleged negligence. 28 U.S.C. § 1346.

### FIFTH DEFENSE

This Court lacks jurisdiction over the subject matter of the action because the Amended Complaint seeks relief for an allegation of a misrepresentation of Plaintiff Stephen Gill's term of employment, a cause of action in tort for which the United States has not waived sovereign immunity. 28 U.S.C. § 2680 (h).

### SIXTH DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

Any injuries allegedly sustained by Plaintiffs giving rise to this action were sustained without any negligence, fault, or failure to exercise due care on the part of the United States.

**EIGHTH DEFENSE**

Venue is improper in this Court because the Amended Complaint fails to allege that the Plaintiffs reside in the District of Massachusetts and fails to allege an act or omission, the commission of which, as defined by the substantive tort law of Massachusetts, occurred in the Commonwealth.

**NINTH DEFENSE**

As to the specific allegations set forth by the Plaintiffs' Amended Complaint, Defendant pleads as follows:

**PARTIES**

1. In response to paragraph numbered one of the Amended Complaint, Defendant states it is without sufficient information to admit or deny that the Plaintiff Stephen Gill is a resident of Gulf Breeze, Santa Rosa County, Florida.  To the extent a response is required, Defendant denies the truth of the allegations.

2. In response to paragraph numbered two of the Amended Complaint, Defendant states it is without sufficient information to admit or deny that the Plaintiff Michelle Gill is a resident of Gulf Breeze, Santa Rosa County, Florida.  To the extent a response is required, Defendant denies the truth of the allegations.

3. Admitted.

**JURISDICTION**

4. In response to paragraph numbered four of the Amended Complaint, Defendant states that this paragraph is a jurisdictional assertion to which no response is

required. To the extent a response is required, the assertion is denied.

5. In response to paragraph numbered five of the Amended Complaint, Defendant states it is without sufficient information to admit or deny that the Plaintiffs Stephen Gill and Michelle Gill were residents of Massachusetts at any time at issue in this case. To the extent a response is required, Defendant denies the truth of the allegations.

6. Denied.

7. Denied.

8. Denied.

9. Admitted.

10. Denied. The Navy denied the administrative claims filed on behalf of the Plaintiffs by letter sent certified mail return receipt requested on March 3, 2005.

## FACTS

11. Denied.

12. Denied.

13. In response to paragraph numbered thirteen of the Amended Complaint, Defendant states it is without sufficient information to admit or deny the assertions in this Paragraph. To the extent a response is required, Defendant denies the truth of the assertions.

14. In response to paragraph numbered fourteen of the Amended Complaint, Defendant states it is without sufficient information to admit or deny the assertions in this Paragraph. To the extent a response is required, Defendant denies the truth of the

assertions.

15. In response to paragraph numbered fifteen of the Amended Complaint, Defendant admits that Plaintiff Stephen Gill commenced the first day of his temporary position on March 25, 2002, evidenced by Notice of Personnel Action (Standard Form 50-B) dated March 25, 2002. The remainder of the assertions contained in this Paragraph are denied.

16. Denied.

17. Denied

18. Denied.

19. Denied.

20. In response to paragraph numbered twenty of the Amended Complaint, Defendant states it is without sufficient information to admit or deny the assertions in this Paragraph. To the extent a response is required, Defendant denies the truth of the assertions.

21. Denied.

22. In response to paragraph numbered twenty-two of the Amended Complaint, Defendant states it is without sufficient information to admit or deny the assertions in this Paragraph. To the extent a response is required, Defendant denies the truth of the assertions.

23. In response to paragraph numbered twenty-three of the Amended

Complaint, Defendant admits that Plaintiff Stephen was notified that his temporary position would terminate on January 10, 2003, as evidence by Notice of Personnel Action (Standard Form 50-B) dated January 10, 2003. The remainder of the assertions contained in this Paragraph are denied.

24. In response to paragraph numbered twenty-four of the Amended Complaint, Defendant states it is without sufficient information to admit or deny the assertions in this Paragraph. To the extent a response is required, Defendant denies the truth of the assertions.

25. In response to paragraph numbered twenty-five of the Amended Complaint, Defendant states it is without sufficient information to admit or deny the assertions in this Paragraph. To the extent a response is required, Defendant denies the truth of the assertions.

## COUNT I - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. In response to paragraph numbered twenty-six of the Amended Complaint, Defendant states and incorporates by reference its responses to paragraphs numbered one through twenty-five above as if set forth fully herein.

27. In response to paragraph numbered twenty-seven of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

28. In response to paragraph numbered twenty-eight of the Amended

Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

29. In response to paragraph numbered twenty-nine of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

30. In response to paragraph numbered thirty of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

31. In response to paragraph numbered thirty-one of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

32. In response to paragraph numbered thirty-two of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

In response to the unnumbered paragraph following paragraph numbered thirty-

two, Defendant denies that Plaintiffs are entitled to damages in any amount and/or any relief whatsoever from Defendant.

## **COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

33. In response to paragraph numbered thirty-three of the Amended Complaint, Defendant states and incorporates by reference its responses to paragraphs numbered one through thirty-two above as if set forth fully herein.

34. In response to paragraph numbered thirty-four of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

35. In response to paragraph numbered thirty-five of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

36. In response to paragraph numbered thirty-six of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

37. In response to paragraph numbered thirty-seven of the Amended Complaint,

Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

38. In response to paragraph numbered thirty-eight of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

39. In response to paragraph numbered thirty-nine of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

40. In response to paragraph numbered forty of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the assertions.

In response to the unnumbered paragraph following paragraph numbered forty, Defendant denies that Plaintiffs are entitled to damages in any amount and/or any relief whatsoever from Defendant.

**COUNT III - LOSS OF CONSORTIUM, SERVICE , AND MARITAL SOCIETY**

41. In response to paragraph numbered forty-one of the Amended Complaint,

Defendant states and incorporates by reference its responses to paragraphs numbered one through forty above as if set forth fully herein.

    42.    In response to paragraph numbered forty-two of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required.  To the extent a response is required, Defendant denies the truth of the assertions.

    43.    In response to paragraph numbered forty-three of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required.  To the extent a response is required, Defendant denies the truth of the assertions.

    44.    In response to paragraph numbered forty-four of the Amended Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required.  To the extent a response is required, Defendant denies the truth of the assertions.

In response to the unnumbered paragraph following paragraph numbered forty-four, Defendant denies that Plaintiffs are entitled to damages in any amount and/or any relief whatsoever from Defendant.

**WHEREFORE**, Defendant, having answered the Amended Complaint, respectfully requests that the Court dismiss the Amended Complaint with prejudice, and enter judgment for Defendant, including an award of all fees, costs and expenses incurred

in defending this action, as well as any and all other relief this Court deems just and proper.

                                               Respectfully submitted,

                                               MICHAEL J. SULLIVAN

                                               United States Attorney

                         By:       /s/ Rachael S. Rollins
                                         Rachael S. Rollins
                                         Assistant United States Attorney
                                         1 Courthouse Way
                                         Suite 9200
                                         Boston, MA 02210
Dated: March 20, 2008                   (617) 748-3100