UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN GILL and <br> MICHELLE GILL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-CV-10309-MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STATUS REPORT

### Introduction

1.      This status report is intended to apprise the Court of recent developments in this matter.  Most critically, the Government has learned that the Department of Labor (DOL) Office of Workers' Compensation Programs (OWCP) may re-open its investigation concerning Plaintiff Stephen Gill's employment status and eligibility for compensation under the Federal Employees' Compensation Act (FECA).

### Factual Background

2.      The Plaintiffs, Stephen and Michelle Gill, seek damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. 2781, et seq., for alleged injuries related to the ten-month employment of Stephen Gill by the United States Department of the Navy during the period

of March 25, 2002 through January 10, 2003.[1]  Specifically, Mr. Gill demands $750,000 for alleged negligent infliction of emotional distress and $750,000 for alleged intentional infliction of emotional distress, each arising from being informed by the Navy that his temporary employment would be terminated.  Mrs. Gill demands $375,000 for loss of consortium.

<u>Procedural Posture</u>

3.     Following the filing of the Gills' administrative claims, the Tort Claims Branch ("Torts Branch") of the Office of Judge Advocate General of the Navy contacted the DOL Solicitor's Office to discuss potential FECA coverage.  Because DOL opined that the facts may raise a substantial question of FECA coverage, the Torts Branch notified the Gills in writing in July 2004 and requested that they submit claims to OWCP for a FECA coverage determination.  The Torts Branch further advised the Gills that review of their administrative tort claim would be held in abeyance pending that determination.  Mr. and Mrs. Gill did not submit their claims to OWCP to determine FECA coverage.  Instead, they filed the instant FTCA complaint on February 16, 2005.

4.     On May 20, 2005, the United States filed a Motion to Dismiss or, in the alternative, to Stay the District Court action until OWCP made a FECA coverage determination.  (<u>See</u> Docket Entries #7 and #8).  The Motion to Dismiss included a declaration of Edward G.

---

[1] According to Mr. Gill's Amended Complaint, his employment with the Navy commenced on or about March 25, 2002 and concluded on or about January 11, 2003.  (<u>See</u> ¶¶ 15 and 23 of Amended Complaint found at Docket Entry #28).

Duncan, Deputy Director for Federal Employees' Compensation at DOL's OWCP, dated May 5, 2005, opining that the facts of this case raised a significant possibility of coverage under FECA.

5.  On January 9, 2006, the Court granted the Motion to Dismiss, without prejudice. (See Docket Entry #15). The Court noted that the Complaint was to be re-instituted if DOL determined that FECA did not cover the Gills' claims. (Id.).

6.  The Gills appealed, and on January 24, 2007, the District Court's Order was upheld by the First Circuit. (See Docket Entry #23). Thereafter, certiorari was denied. (See Docket Entry #24, Exhibit B, p.6).

7.  In March 2007, Mr. Gill filed his claim for compensation with OWCP. Significantly, Mr. Gill did not include the dates of his ten-month employment. Instead, Mr. Gill listed his date of injury as June 30, 2004, some seventeen months after his employment had ended. He also wrote on the form that he was an independent contractor.

8.  On July 13, 2007, OWCP determined that Mr. Gill was not a federal civilian employee on June 30, 2004, the date he listed on the form as the date of his claimed injury, and that he was not covered by, and thus not eligible for, compensation under FECA.

9.  On February 29, 2008, this Court granted the Plaintiffs' Motion to Re-Open the case. (See Docket Entry dated February 29, 2008).

## Overview of Recent Events

10. Subsequent to filing its Answer to the Amended Complaint, the United States was informed by the DOL Solicitor's Office that OWCP had not considered any of Mr. Gill's

federal employment records when it made its FECA determination. Rather, the single document before OWCP when making its FECA determination was Mr. Gill's Form CA-2. On that Form CA-2, Mr. Gill had provided only one date - June 30, 2004 - and indicated that he was an independent contractor.[2]

11.    Focusing solely on the date provided by Mr. Gill, Lieutenant Commander Andrea Lockhart of Naval Legal Service Office, Central, Pensacola, Florida (NSLO), the command that employed Mr. Gill from March 2002 to January 2003, completed the reverse side of Mr. Gill's Form CA-2. She noted, "Mr. Gill was not a federal employee nor was he employed with Naval Legal Service Office, Central, during this time." Again, the only date provided by Mr. Gill was June 30, 2004.

12.    Mr. Gill claimed that he was an independent contractor on June 30, 2004, and Lieutenant Commander Lockhart indicated that as of June 30, 2004, "Mr. Gill was not a federal employee nor was he employed with Naval Legal Service Office Central during this time." Based solely on that information, OWCP concluded that Mr. Gill was not a federal civilian employee during the time of his claimed injury (June 30, 2004).

13.    During recent internal discussions about potential defenses under alternative grounds to FECA, the United States became aware that Mr. Gill's federal civilian employee status, or lack thereof, was central to many of its potential arguments. At that point, it became increasingly clear that a more detailed explanation was needed as to why OWCP had

---

[2] According to the Form CA-2, June 30, 2004 is the date that Mr. Gill recalls he first became aware of his alleged injuries.

determined that Mr. Gill was not a federal civilian employee. The Torts Branch contacted the DOL Solicitor's Office to discuss the July 2007 OWCP determination, in light of Mr. Duncan's May 2005 declaration. At that time, DOL explained that because the Form CA-2 indicated that Mr. Gill was an independent contractor and not a federal civilian employee on June 30, 2004, OWCP had concluded that Mr. Gill was not a federal civilian employee on the date of his claimed injury.[3] Because its analysis went no further than making the threshold determination of whether Mr. Gill was a federal employee as of the date of the claimed injury, OWCP never reached the substantive issue of whether the injuries complained of by Mr. Gill are covered by FECA.

14.     Upon discovering that the only document considered by OWCP was the Form CA-2, not any employee records, Lieutenant Commander Andrea Lockhart clarified to OWCP that Mr. Gill <u>was</u> in fact employed by NLSO from March 25, 2002 to January 10, 2003, as a GS-0905-12 federal civil service employee under a temporary appointment. She also explained that Mr. Gill was <u>not</u> a federal civil service employee on June 30, 2004, the date of his claimed injury on the Form CA-2, because his temporary employment had ended on January 10, 2003. Additionally, the Navy Human Resources Office, supporting NLSO, forwarded copies of personnel documents pertaining to Mr. Gill's civil service appointment to OWCP, to provide it with a more complete record of Mr. Gill's employment.

---

[3] Said differently, because both the claimant and the employer agreed that the claimant was not a federal civilian employee, OWCP was left with no choice but to agree with the parties.

15.The submission of Lieutenant Commander Lockhart's clarification and the supporting personnel documents by the Navy may prompt OWCP to reassess the nature of Mr. Gill's employment and to evaluate the substantive question of FECA coverage.

16.The Government will keep all parties and the Court apprised of any further developments regarding this issue.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:/s/ Rachael S. Rollins
Rachael S. Rollins
Assistant United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
Dated: July 8, 2008(617) 748-3398

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 8, 2008

/s/ Rachael Splaine Rollins
Rachael Splaine Rollins
Assistant U.S. Attorney

## LOCAL RULE 7.1 CERTIFICATION

On July 8, 2008, I, Rachael Splaine Rollins, Assistant United States Attorney, certify that I spoke with Stephen Gill, Esq. regarding the filing of this Status Report.

/s/ Rachael Splaine Rollins
Rachael Splaine Rollins
Assistant U.S. Attorney