UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

STEPHEN GILL and MICHELLE GILL,
husband and wife,

       Plaintiffs,

vs.                                        CASE NO.: 05-cv-10309-MLW

UNITED STATES OF AMERICA,

       Defendant.
_____/

**PLAINTIFFS' REPLY TO THE GOVERNMENT'S "STATUS REPORT"**

      Plaintiffs STEPHEN GILL ("Mr. Gill") and MICHELLE GILL ("Mrs. Gill," and together with Mr. Gill, collectively, "Plaintiffs"), by and through their undersigned counsel, hereby reply to the filing entitled, "Status Report" (Doc.33), filed by Defendant UNITED STATES OF AMERICA ("Government") as follows:

1.      Despite having maintained and argued throughout this litigation to this Honorable District Court,[1] to the United States Court of Appeals for the First Circuit,[2] and to the United States Supreme Court[3] that federal courts have no jurisdiction to consider matters

---

[1] *See* United States' Motion to Dismiss or in the Alternative for a Stay (Doc.7) with Memorandum of Law in Support of the United States' Motion to Dismiss or in the Alternative for a Stay (Doc.8), *passim*; *see also,* United States' opposition (Doc.17), *passim*, to Plaintiffs' Motion for Relief from Order Pursuant to Federal Rule of Civil Procedure 60 (Doc.16).

[2] *See* Government's Brief of Appellee, Gill, *et ux.* v. United States of America, no.06-1711 (1st Cir.), *passim*.

[3] *See* Brief for the United States in Opposition, Gill, *et ux.* v. United States of America, no.06-1332 (U.S.), *passim*.

pertaining to the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152, *et seq.* ("FECA"), the Government now seeks incredulously to have this Court consider matters pertaining to Mr. Gill's FECA claim under the guise of a paper entitled, "Status Report."[4]

2.      Moreover, the Government's "Status Report" omits material information which compels Plaintiffs to submit this instant Reply to the same.

3.      Specifically, the Government claims that the "Department of Labor (DOL) Office of Workers' Compensation Programs (OWCP) may re-open its investigation concerning Plaintiff Stephen Gill's employment status and eligibility or compensation under the Federal Employees' Compensation Act (FECA)." "Status Report," at ¶ 1.  However, the Government fails to inform this Court that the OWCP has rendered no such determination, and more importantly, has provided no such notice to the only party with standing and entitlement to received such notice; to wit: Mr. Gill.[5]  Indeed, the only information Mr. Gill possesses about the OWCP's purported decision to "re-open its investigation" comes from the Government's own "Status Report" filed in this case.

4.      In addition, paragraph 14 of the "Status Report" asserts that "the only document considered by the OWCP was the Form CA-2."  Simply put, this statement by the Government is wrong.  Mr. Gill, through counsel, submitted correspondence and other documents to the OWCP for its consideration attendant to Mr. Gills' FECA claim.

---

[4] Plaintiffs note that there is no provision under either the Federal Rules of Civil Procedure or this District Court's Local Rules for the filing of such a paper.

[5] Plaintiffs note that paragraph 13 of the "Status Report" discusses how the Government has circumvented Mr. Gill's due process rights by *ex parte* and *ex post facto* communicating with the DOL about the merits of Mr. Gills' FECA claim, for which appeal already has been exhausted.  *See* id.

5.  Further, the Government fails to inform this Court that Mr. Gill timely appealed the OWCP's Denial of Mr. Gill's FECA claim to the DOL Branch of Hearings and Review ("BOHR"), and that after considering additional correspondence and oral argument, the BOHR affirmed the OWCP's Denial.

6.  Moreover, the Government fails to inform this Court that the BOHR provided written notice to the Government on December 12, 2007, to submit additional information for consideration to the BOHR in connection with Mr. Gill's appeal within the mandated 20 calendar day deadline to do so under 20 C.F.R. 10.617(e), and that the Government failed to submit any such additional information.

7.  Now, more than a year after the OWCP issued its Denial of Mr. Gill's FECA claim, and more than seven (7) months after BOHR affirmed the OWCP's Denial, the Government claims to have submitted additional information recently to the OWCP – <u>not</u> the BOHR – for consideration in connection with Mr. Gill's FECA claim ***well after the regulatory deadlines expired and without providing copies of such submissions to Mr. Gill***, thereby trampling Mr. Gill's due process rights.  *See* "Status Report," at ¶¶ 14-15.

8.  Given that Plaintiffs have pleaded that the soliciting, recruiting, and contracting for Mr. Gill's services was accomplished in violation of Federal statutes, regulations, and/or agency guidelines, including but not limited to 10 U.S.C. § 2304(a)(1) and 41 U.S.C. § 253(a)(1), and constituted prohibited service contracting practice and prohibited personnel practices in violation of 5 U.S.C. § 2302, and given that the Government may have done nothing to investigate and/or prosecute the violations of these statutes which impose criminal penalties, it is clear that the Government is trying to avoid bringing these nefarious matters to light.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this, the 20th day of July, 2008, I electronically filed the within document with the Clerk of Court by using its CM/ECF system which, in turn, will electronically transmit notice of the same to the following: United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

/s/ STEPHEN D. GILL
STEPHEN D. GILL
Massachusetts BBO No.: 630671
200 E. Government Street, Suite 130
Pensacola, FL 32502
Tel.: (850) 438-3338
Fax: (850) 438-3339
*Pro se* Plaintiff and as Attorney
for Plaintiff Michelle Gill